United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 24, 2003**

Charles R. Fulbruge III
Clerk

REVISED MARCH 27, 2003

**UNITED STATES COURT OF APPEALS
For the Fifth Circuit**

No. 02-50420

SANDY CREEK INVESTORS, LTD,

Plaintiff-Appellant-Cross Appellee,

VERSUS

THE CITY OF JONESTOWN, TEXAS; ET AL,

Defendants,

THE CITY OF JONESTOWN, TEXAS,

Defendant-Appellee-Cross Appellant.

Appeals from the United States District Court
For the Western District of Texas, Austin

Before JONES, WIENER, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Sandy Creek Investors, Ltd. ("Sandy Creek"), a Texas limited partnership, is the owner of real property located in a portion of Travis County, Texas, known as North Lake Hills Subdivision (hereinafter referred to as "the Property"). Sandy Creek acquired the Property as well as other surrounding real property in December

1996 with the intent to develop a marina on the Property. The Property was not located within the boundary limits of the City of Jonestown ("the City") at the time it was acquired by Sandy Creek. According to Sandy Creek, it voluntarily submitted to annexation based on the representation of the City's representatives that the City would approve the necessary zoning and related development permits to allow Sandy Creek to develop the Property, as a master planned community, including residential, commercial and multi-family sections including a marina and related facilities and improvements.

The City annexed the Property and additional real property owned by Sandy Creek pursuant to city ordinances that became effective on May 30, 1997 ("May 1997 ordinance"), and November 7, 1997 ("November 1997 ordinance"). The May 1997 ordinance covered two tracts (Tract One and Tract Two) comprising Section One of North Lake Hills Subdivision. Tract One began at an iron pipe and described an area abutting the southern right-of-way of Reed Park Road. Tract Two began at the same iron pipe and then describes an area that crosses Reed Park Road and then abuts the northern right-of-way. Reed Park Road was not owned by the City when the May 1997 ordinance was passed. Sandy Creek admits that Tract Two is adjacent to the City. The contiguity and adjacency of Tract One is contested.

The November 1997 ordinance covered Section Two of North Lake Hills Subdivision. The property subject to this ordinance was

2

contiguous to Tract Two, Section One of North Lake Hills Subdivision. The City subsequently annexed several other tracts that are contiguous to Section Two of North Lake Hills Subdivision. In January 1998, the City Counsel approved the zoning designation of the property as "Commercial B-2," which allows various types of commercial development. At that time, the City did not have any specific zoning ordinances or regulations for a marina development. In July 1999, Sandy Creek applied to the City for a Land Development permit, which the City did not approve. The City then enacted a special use ordinance preventing Sandy Creek from developing a marina as it had intended.

As a result, Sandy Creek filed suit against the City and certain City officials (hereinafter collectively referred to as "the defendants") on December 27, 1999, in the District Court for Travis County, Texas, 261st Judicial District, seeking a declaratory judgment that the annexations of the Property were void because they included property that was neither contiguous nor adjacent to the City as required by applicable Texas law. In the alternative, Sandy Creek requested that the court find the City's B-2 zoning sufficient for the construction and operation of a marina and that the land permit Sandy Creek applied for be approved as a matter of law. In addition, Sandy Creek requested that the court issue an injunction restraining the defendants from revoking the zoning designation previously obtained and from taking any action that would further postpone, delay or frustrate the

3

development of a marina. Also requested of the court was a mandatory injunction requiring the City to issue all necessary permits to allow the development of a marina.

Lastly, Sandy Creek sought relief under Article I, Section 3 of the Texas Constitution, the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983. According to Sandy Creek, the defendants ignored state law and applicable City ordinances when they refused to approve the land development permit despite the fact that the permit met all requirements. Sandy Creek argued that the defendants' actions were arbitrary, unreasonable, capricious, and lacking a substantial relation to any valid legislative/governmental objective, which denied Sandy Creek its rights to use and develop the Property. Sandy Creek, therefore, requested damages equal to the value of the Property due to the City's alleged unconstitutional taking.

Because Sandy Creek's original and amended complaints included a federal takings issue, the defendants removed the case to the United States District Court for the Western District of Texas in January 2000. Sandy Creek did not file a motion to remand and there is no diversity of citizenship between the parties. On August 2, 2000, Sandy Creek filed a Motion for Summary Judgment, asking the district court to declare the May 1997 ordinance void *ab initio,* because a portion of the property annexed by the May 1997 ordinance was not contiguous to the City. The defendants filed a

4

Verified Motion for Summary Judgment on August 3, 2000, and a Supplemental Motion for Summary Judgment on August 10, 2000, seeking judgment against Sandy Creek on all of its claims. The parties then reached a tentative settlement agreement that was subject to approval by the City's City Council. The case was abated pending consideration of that settlement. The settlement was not approved and the abatement was lifted in January 2001.

The district court entered an order granting Sandy Creek's Motion for Summary Judgment in part and denying the motion of the defendants on March 26, 2001. However, the judgment inadvertently reflected that the summary judgment order disposed of all claims involved in the cause. Therefore, on March 25, 2002, the district court granted Sandy Creek's Motion for Entry of Judgment Nunc Pro Tunc on the competing summary judgment motions, and entered an order authorizing the voluntary dismissal of Sandy Creek's remaining claims, and a Final Judgment that rendered the summary judgment order final and appealable.

We need not make any decisions concerning the substantive issues in this case. "[I]f parties do not raise the issue of jurisdiction, or even if they contend that the Court of Appeals has jurisdiction we still must determine, *sua sponte,* whether we have jurisdiction in a particular case." **United States v. Lipscomb,** 299 F.3d 303, 358 (5th Cir. 2002). Having reviewed the record in this case, we hold that the district court never had jurisdiction over

this case.  As noted above, the removal of this case from the state court to federal court was based on the federal takings claim made in Sandy Creek's original and amended complaints.  However, that issue was not ripe when the case was removed.

A takings claim is not ripe until (1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedures the state provides.  *See **Williamson County Reg'l Planning Comm'n v. Hamilton Bank,*** 473 U.S. 172, 194-95 (1985); ***Hidden Oaks Ltd. v. The City of Austin,*** 138 F.3d 1036, 1041 (5th Cir. 1998); ***Samaad v. City of Dallas,*** 940 F.2d 925, 933-34 (5th Cir. 1991).  Here, Sandy Creek has not exhausted its administrative or state court remedies as required by the second prong of ***Williamson County***.

Although "substantive due process claims alleging deprivations of property are not necessarily subsumed under the Takings Clause," Sandy Creek's complaint that the City violated its Fourteenth Amendment to the United States Constitution was framed only as a takings claim.  ***Simi Investment Co., Inc. v. Harris County, Tex.,*** 236 F.3d 240, 248 (5th Cir. 2000) (citing ***John Corp. v. City of Houston,*** 214 F.3d 573, 582 (5th Cir. 2000)).  Therefore, there were no other due process claims that the district court could have properly considered.  We further note that Sandy Creek's § 1983 claim also was not properly before the district court:  "Because a

6

violation of the Takings Clause does not occur until just compensation has been denied, . . . Appellants must use available state procedures to seek such compensation before they may bring a § 1983 takings claim to federal court." *John Corp.,* 214 F.3d at 581 (citation omitted).

We therefore hold that the district court lacked jurisdiction to consider this case because the federal takings claim was not ripe. We **VACATE** the district court's Order and Final Judgment and **REMAND** with instructions for the district court to **REMAND** the case to the District Court for Travis County, Texas, 261st Judicial District, from which it was removed.

**VACATED** and **REMANDED** with instructions.