**DALLAS INDEPENDENT SCHOOL DISTRICT, Plaintiff,**

v.

**CALVARY HILL CEMETERY, a Texas non-profit corporation; The Catholic Diocese of Dallas (intervenor); Tomas Reyes Trucking, Inc.; County of Dallas, Defendants,**

Calvary Hill Cemetery, a Texas non-profit corporation; and The Catholic Diocese of Dallas (intervenor), Counter–Plaintiffs,

v.

**Dallas Independent School District, William D. Blaydes, Steve Salazar, John Loza, and City of Dallas, Counter–Defendants.**

No. Civ.3:03–CV–2922–H.

United States District Court, N.D. Texas, Dallas Division.

Feb. 4, 2004.

Florentino Ramirez, Jr., Ramirez & Associates, Dorothea L. Vidal, Vidal & Mack, Dallas, TX, for Plaintiff.

Mark A. Herndon, Spencer Herndon, Dallas, TX, for Defendants.

Edward D. Vassallo, Jr., Law Office of Edward D. Vassallo Jr., Dallas, TX, for Defendants/ThirdParty Plaintiff.

Christopher David Bowers, Dallas City Attorney's Office, Dallas, TX, for Third-Party Defendant.

### MEMORANDUM OPINION AND ORDER

SANDERS, Senior District Judge.

This is an eminent domain case in which DISD seeks to condemn approximately 25 acres of undeveloped land owned by, and located near, Calvary Hill Cemetery in

Dallas, Texas.[1] Pursuant to this Court's Orders of December 18, 2003, and January 9, 2004, the Parties filed briefs regarding specific jurisdictional issues in this case. Accordingly, before the Court are DISD's Brief on Federal Jurisdiction, filed January 7, 2004; CHC's Brief Regarding Removal Jurisdiction, filed January 7, 2004; the Council Members' and the City's Brief on Jurisdictional Issues, filed January 7, 2004; DISD's Reply to CHC's Brief on Federal Jurisdiction, filed January 20, 2004; and CHC's Brief Regarding Removal Jurisdiction and Ripe Claims Jurisdiction, filed January 20, 2004. As set forth below, the Court concludes that it lacks jurisdiction over the case.

## I. Background

On August 12, 2003, DISD filed original and amended petitions in condemnation in the Dallas County Court at Law No. 4 in Dallas County, Texas ("the petitions in condemnation"). (State Record Ex. 2 at 1; State Record Ex. 3 at 1.) The petitions in condemnation name Calvary Hill Cemetery; Tomas Reyes Trucking, Inc.; the County of Dallas; and the City as defendants who "own or claim some interest" in the property sought to be condemned ("the property").[2] (State Record Ex. 2 at 1–2, State Record Ex. 3 at 1–2.) According to the petitions in condemnation, DISD seeks to condemn the property for the purpose of constructing a public school. (State Record Ex. 2 at 3, State Record Ex. 3 at 3.)

On November 5, 2003, three court-appointed Special Commissioners determined that just compensation for the property would be $1.6 million. (State Record Ex. 31 at 2.) On the same day, CHC filed objections to the award of the Special Commissioners and counterclaims against DISD, the City, and the Council Members.[3] (State Record Ex. 7 at 1, 4.) In addition to certain state law counterclaims, CHC asserts two federal counterclaims pursuant to 42 U.S.C. §§ 1983–1988. (*Id.* at ¶¶ 41–50.) Specifically, CHC asserts a federal takings counterclaim and an unspecified federal civil rights counterclaim. (*Id.* at ¶¶ 47–50.) Both federal counterclaims apparently arise out of CHC's allegation that DISD conspired with the City to delay consideration of an application for a special use permit ("the application") which CHC had filed with the City on March 5, 2003. (*Id.* at ¶¶ 16–24.) CHC's application, if granted, would allow CHC to use the property as a cemetery. (*Id.* at ¶ 13, Ex. B.) According to CHC, but for the conspiracy, the City would have granted CHC's application before DISD had filed its petitions in condemnation, and

1. Throughout this Memorandum Opinion and Order, the Court will refer to the Parties as follows: Dallas Independent School District as "DISD"; Calvary Hill Cemetery and The Catholic Diocese of Dallas collectively as "CHC"; City of Dallas as "the City"; and William D. Blaydes, Steve Salazar, and John Loza collectively as "the Council Members." The Court will adhere to this practice unless clarity requires otherwise.

2. Although DISD originally named the City as a defendant in its petitions in condemnation, none of the state court records show the City as a defendant after November 10, 2003. (State Records Ex. 11–31; Supp. State Records Ex. 12–13.) Thus, the Court adopts the practice of the Parties and considers the City to be a counter-defendant only in this case.

3. There appears to be some confusion among the Parties as to whether CHC asserts counterclaims or third-party claims against the City and the Council Members. The Court agrees with CHC's characterization of its claims as counterclaims and refers to them as such throughout this Memorandum Opinion and Order. For the sake of consistency, the Court has restructured the caption of the case to reflect counterclaims instead of third-party claims. As will become clear, however, the Court's decision does not depend on whether the City and the Council Members are counter-defendants or third-party defendants.

DISD would have been barred from condemning the property because the property would have already been designated for a public use, *i.e.*, a cemetery. (*Id.* at ¶¶ 12–13, 16–24, 29.)

On December 5, 2003, the City and the Council Members timely removed the case to this Court on the basis of CHC's federal counterclaims. (Am. Notice of Removal at 1, 3.) DISD agrees with the City and the Council Members that this Court has removal and supplemental jurisdiction over the entire case. (DISD's Br. 1/7/04 at 4–11; DISD's Br. 1/20/04 at 14–18; the Council Members' and the City's Br. at 2–10; Am. Notice of Removal at 6–8.) CHC, on the other hand, contends that this case should be remanded to state court for lack of jurisdiction because its federal counterclaims are not ripe for decision. (CHC's Br. 1/7/04 at 5, 8, 9–11.) CHC further contends that, even if the Court has jurisdiction over the case, the Court should abstain from exercising that jurisdiction. (*Id.* at 11–12.) Thus, before acting on any other issue in this case, the Court must determine whether it has jurisdiction to do so.

## II. Analysis

As noted above, CHC asserts a federal takings counterclaim and an unspecified federal civil rights counterclaim. (State Record Ex. 7 at ¶¶ 47–50.) In support of their removal of the case based on the federal counterclaims, the City and the Council Members rely on *Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir.1980), and its progeny. (Am. Notice of Removal at 6–7.) The *Carl Heck Eng'rs* line of cases

stands for the principle that newly joined third-party defendants or counter-defendants may remove an entire case to federal court where the third-party complaint or counter-complaint states a "separate and independent claim" which could have been brought separately in federal court on the basis of federal question jurisdiction. *See State of Texas v. Walker*, 142 F.3d 813, 816 (5th Cir.1998); *Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir.1980); *BJB Co. v. Comp Air Leroi*, 148 F.Supp.2d 751, 754 (N.D.Tex.2001) (Cummings, J.); *Gracia v. Irvine*, No. 4–91–442–E, 1992 WL 150093, at *2 (N.D.Tex. June 10, 1992) (Mahon, J.). *See also Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 n. 22 (5th Cir.1998). If, however, the federal claim upon which the removal is based is not ripe, the district court must remand the case to state court for lack of subject matter jurisdiction. *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 392, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (recognizing that 28 U.S.C. § 1447(c) permits remand without a motion at any time before judgment if it appears that the district court lacks subject matter jurisdiction); *Sandy Creek Investors, Ltd. v. City of Jonestown*, 325 F.3d 623, 626 (5th Cir. 2003) (ordering remand for lack of jurisdiction where a federal takings claim, which included a subsumed federal substantive due process claim, was not ripe). For the following reasons, the Court concludes that the case must be remanded to state court because neither the federal takings counterclaim nor the unspecified federal civil rights counterclaim is ripe for federal judicial review.[4]

▮▮▮ With respect to CHC's federal takings counterclaim,[5] it is well established

---

4. Because the Court concludes that neither federal counterclaim is ripe for federal judicial review, neither federal counterclaim could have been brought separately in federal court as is required by *Carl Heck Eng'rs* and its progeny. Therefore, the Court need not

decide whether the removal was otherwise proper under that line of cases.

5. A federal takings claim is brought pursuant to the Takings Clause of the Fifth Amendment to the United States Constitution, which is

that "[a] takings claim is not ripe until (1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the [claimant] has sought compensation through whatever adequate procedures the state provides." *Sandy Creek Investors, Ltd.,* 325 F.3d at 626 (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 194–95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985)). *See also Vulcan Materials Co. v. City of Tehuacana,* 238 F.3d 382, 385 (5th Cir.2001); *Hidden Oaks Ltd. v. City of Austin,* 138 F.3d 1036, 1041 (5th Cir.1998). The ripeness requirement does not apply to a federal takings claim where the state procedure is inadequate or where the claimant alleges a taking for private use. *See Samaad v. City of Dallas,* 940 F.2d 925, 936–37 (5th Cir.1991).

■ In the instant case, neither exception to the ripeness requirement applies.[6] Thus, in order to serve as the basis for the removal of this case, the federal takings claim must be ripe. However, CHC first raised the allegations supporting its federal takings counterclaim in the state court only thirty days before the removal of this case. Prior to removal, the state court had not overruled CHC's objections to the award of the Special Commissioners, nor had the state court denied just compensation based on CHC's federal takings counterclaim. "Because a violation of the Takings Clause does not occur until just compensation has been denied, ... [CHC] must use available state procedures to seek such compensation before

[it] may bring a § 1983 takings claim to federal court." *John Corp. v. City of Houston,* 214 F.3d 573, 581 (5th Cir.2000) (citation omitted). Accordingly, CHC's federal takings counterclaim is not ripe for federal judicial review.

■ With respect to CHC's other federal counterclaim, the Court has previously noted that the counterclaim does not specify what kind of civil rights violation it alleges. Rather, the counterclaim generically states:

> The City's actions, as stated herein, are the deprivation of a right, privilege or immunity guaranteed by the United States Constitution, federal law or both pursuant to 42 U.S.C. § 1983.... The taking of CHC's and the Diocese's property without regard for the rights guaranteed by the U.S. Constitution and the Texas Constitution is a violation of §§ 1983–1988 of the U.S. Civil Rights Act.

(State Record Ex. 7 at ¶ 48.) As pled, CHC asserts nothing more than another takings counterclaim, which, for the reasons stated above, is not ripe for federal judicial review. To the extent CHC intended to assert a federal substantive due process counterclaim, that counterclaim also would not be ripe because, as pled, it is subsumed under the federal takings counterclaim. *See Sandy Creek Investors, Ltd.,* 325 F.3d at 626 (concluding that a substantive due process claim was not ripe because it was "framed only as a takings claim"); *Simi Investment Co., Inc. v. Har-*

made applicable to the States through the Fourteenth Amendment. *See Palazzolo v. Rhode Island,* 533 U.S. 606, 617, 121 S.Ct. 2448, 150 L.Ed.2d 592 (2001). "The Takings Clause ... prohibits the government from taking private property for public use without just compensation." *Id.*

6. There is no dispute that the state court provides an adequate forum to hear CHC's

federal takings counterclaim. *See Samaad,* 940 F.2d at 933–34 (holding that, to find an inadequate state procedure, "it must be certain that the state *would* deny that claimant compensation were [the claimant] to undertake the futile act of seeking it"). In similar fashion, there is no dispute that CHC's counterclaim alleges a taking for public use. (State Record Ex. 7 at ¶ 50.)

*ris County,* 236 F.3d 240, 248–49 (5th Cir. 2000) (recognizing that a substantive due process claim is not ripe if it is subsumed under a takings claim). The Court's construction of the counterclaim is further supported by the fact that CHC does not seek any monetary damages-in addition to just compensation-for either of its federal counterclaims.[7]

■ The Court recognizes DISD's contentions that CHC has asserted federal free exercise of religion, equal protection, and substantive due process counterclaims and that these counterclaims are ripe. (DISD's Br. 1/20/04 at 2–14.) DISD's contentions are without merit. To the extent CHC's pleading could be construed as raising free exercise of religion and equal protection allegations, it does so only for the purpose of defending against DISD's petitions in condemnation.[8] *See Hoskins v. Bekins Van Lines,* 343 F.3d 769, 772 (5th Cir.2003) ("A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is an element, and an essential one, of the plaintiff's cause of action."). As set forth above, to the extent CHC asserts a federal

substantive due process counterclaim, it is subsumed under the federal takings counterclaim and is therefore not ripe.[9] *See Sandy Creek Investors, Ltd.,* 325 F.3d at 626; *Simi Investment Co., Inc.,* 236 F.3d at 248–49.

Finally, the Court addresses the contention of the City and of the Council Members that CHC's unripe counterclaims should be dismissed. This contention is without merit. As set forth above, CHC's federal counterclaims are not ripe for *federal* judicial review. Nothing in this Memorandum Opinion and Order should be construed as limiting the state court's ability to consider CHC's federal counterclaims on remand.

Thus, the City and the Council Members have failed to carry their burden of establishing the Court's jurisdiction over this case. *See Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988) ("[T]he burden of establishing federal jurisdiction is placed on the party seeking removal.").

## III. Conclusion

For the foregoing reasons, the Court concludes that it lacks jurisdiction over

---

7. In its prayer for relief, CHC requests damages only with respect to Texas Property Code § 21.019. (State Record Ex. 7 at 18–20.)

8. For example, CHC asserts the following defenses:

   DISD's forcible acquisition of CHC's property deprives the Catholic faithful of a cemetery that cannot be re-developed or re-located in the City and possibly in Dallas County. (State Record Ex. 7 at ¶ 12.)
   DISD was informed the CHC property was blessed by the Church, and was needed as a burial ground for Catholics in the area.... DISD has always known that the 25±-acre tract was essential to CHC's purpose of providing a final resting place to the Catholic faithful in the City of Dallas. (State Record Ex. 7 at ¶ 25.)
   DISD's possession of CHC's property would permanently deprive CHC from continuing

its fundamental obligation to maintain and care for a unique piece of real estate dedicated to the burial of the Catholic faithful. In fact, DISD's possession of CHC's property would be an insult to a sacred place created by the Dallas Diocese. (State Record Ex. 7 at ¶ 32.)
   DISD's possession of the property would denigrate a sacred place of the Catholic faithful. (State Record Ex. 7 at ¶ 34.)

9. CHC has also asserted federal due process as a defense to DISD's condemnation: "To proceed with the instant cause will violate CHC's and the Diocese's due process rights guaranteed under the Constitution of the State of Texas and the United States." (State Record Ex. 7 at ¶ 2.) As with CHC's federal free exercise of religion and equal protection defenses, the federal due process defense cannot serve as the basis for the removal of this case. *See Hoskins,* 343 F.3d at 772.

this case. Accordingly, the case is hereby **REMANDED** to the Dallas County Court at Law No. 4 in Dallas County, Texas.

SO ORDERED.