IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2007

Charles R. Fulbruge III
Clerk

No. 07-20470
Summary Calendar

ALI SAADAT

Plaintiff-Appellant

v.

LANDSAFE FLOOD DETERMINATION INC;
COUNTRYWIDE HOME LOANS INC

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
No. 4:06-CV-2423

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ali Saadat filed suit in state court against Landsafe Flood Determination, Inc., and Countrywide Home Loans, Inc., alleging that the defendants erroneously informed him that his property was located in a flood zone, which necessitated flood insurance. Following the defendants' removal of the suit to federal court, the district court granted the defendants' FED. R. CIV. P. 12(b)(6)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion, and Saadat now appeals. Concluding that there was no basis for federal removal jurisdiction, we vacate the district court's dismissal of Saadat's claims and remand the case to the district court with instructions to remand the case to state court.

On August 30, 2005, Saadat closed on a real estate transaction in Magnolia, Texas. He was informed at that time that the property he had purchased was not in a flood zone. Countrywide subsequently acquired Saadat's mortgage. Two months after the closing, Countrywide sent Saadat a letter informing him that his property was located within a Special Flood Hazard Area ("SFHA") and that he would be required to purchase flood insurance pursuant to the National Flood Insurance Act ("NFIA"). Saadat alleged that he then incurred unnecessary costs to purchase flood insurance and to retain an attorney and consultants to refute Countrywide's SFHA determination. He also alleged that Countrywide's letter caused him to suffer stress and chest pains. He filed suit alleging claims for deceptive trade practices, common law fraud, fraud in a real estate transaction, and negligent misrepresentation.

Although the parties have not explicitly addressed the issue of subject matter jurisdiction, we are required to examine sua sponte whether jurisdiction was proper in the district court. Sandy Creek Investors, Ltd. v. City of Jonestown, 325 F.3d 623, 626 (5th Cir. 2003). A defendant may remove a case to federal court based on the presence of a federal question when a plaintiff asserts "a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Under the well-pleaded complaint rule, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." MSOF Corp. v. Exxon Corp., 295 F.3d 485, 490 (5th Cir. 2002). A plaintiff may not avoid removal jurisdiction by simply failing to plead a necessary federal question in the complaint. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 22, 103 S. Ct. 2841, 2853 (1983).

Saadat's complaint does not invoke federal law and alleges only state law claims for fraud and negligence arising from Countrywide's notification that his property was in a flood zone when it either knew or should have known that the property was not in a SFHA. The defendants contend that Saadat's complaint necessarily stems directly from the NFIA because his claimed damages resulted from the NFIA notification letter, which they sent pursuant to their duties under the statute. They argue that the complaint was properly dismissed because there is no private right of action for alleged violations of the NFIA. A complaint that alleges a violation of a federal statute as an element of a state cause of action, when there is no private cause of action under the statute, does not state a claim conferring federal question jurisdiction. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 817, 106 S. Ct. 3229, 3237 (1986). Furthermore, the defendants' arguments sound as a defense to Saadat's claims, which is insufficient to justify removal to federal court. See Carpenter v. Wichita Falls Ind. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995) ("A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is an element, and an essential one, of the plaintiff's cause of action.") (internal quotation and citation omitted). We see no complete preemption present in order to avoid the well-pleaded complaint rule, and the resolution of Saadat's claims does not turn on the answer to a federal question. See MSOF Corp., 295 F.3d at 490–91.

Because Saadat's complaint alleged only state law claims, the district court improperly exercised removal jurisdiction over this case. Accordingly, the district court's dismissal of Saadat's claims is VACATED, and the case is REMANDED to the district court with instructions to remand the case to state court.