**Affirmed in Part, Reversed and Rendered in Part, and Opinion filed January 28, 2020.**



In The

# Fourteenth Court of Appeals

---

NO. 14-18-00043-CV

---

**SAN JACINTO RIVER AUTHORITY, Appellant**

**V.**

**REBA OGLETREE, DANA GAUTIER, MICHAEL FERRIS, JANELLE GOHEEN, ERIC LEE, PAULA LEE, NEAL HAMILTON, MARISA HAMILTON, CHARLES MEILI, ANN MEILI, LISA BURRIS, BRIAN THOMAS, TRICIA THOMAS, ROYCE CLICK, MONICA CLICK, DAVID BOYD, CARMEN BOYD, JON DAVIES, DARLA DAVIES, TIM GARFIELD, MELDA ADAMS, JOHANNES SCHMAL, SAORI SCHMAL, ROEL VILLARREAL, MARIA VILLARREAL, ANN STRICKLER, JERRY STRICKLER, STEVEN GREEN, JOSEFINA GREEN, PATRICK KIRBOW, CONNIE KIRBOW, SHANNON ROUTTE, BRIAN ROUTTE, WILLIAM BOYD, PAMELA BOYD, JOHN H. MCCLELLAN, PATRICIA MCCLELLAN, DOUGLAS SCHERR, NICHELLE A. NEWMAN, MATTHEW VANDERGRIFFT, EVA VANDERGRIFFT, MARJORIE SALAZAR, JOSEPH SALAZAR, JACK ROTH, SANDRA ROTH, DAVID CARPENTER, MARIANNE CARPENTER, CLINTON STEPHEN, CATHERINE STEPHEN, ALBERT HARVEY, JANET HARVEY, BRUCE WISE, CAROLYN WISE, MARK GREEN, NICOLE GREEN, RHONDA MAPLE, GARY MAPLE, REY ASTRAQUILLO, BRAD LANEY, EMILY LANEY, JAMES WOSENITZ, MARY ANN WOSENITZ, WILLIAM**

HUTCHINS, KRISTIN HUTCHINS, K. RAY SHRUM, LAURIE SHRUM, KRLDS PROPERTIES, LLC, GUNARADNAM RAJENDRAM, CHARLES CHAN, VIVIAN CHAN, EMMITT L. KING JR., PATRICIA BARKER, ERIC WHITE, YAZMIN WHITE, RONALD TISH, WENDY TISH, MEGAN TCHOKOEV, NICHOLAS TCHOKOEV, JOHN KEATES, NANCY KEATES, BARRY MASON, ELISABETH MASON, W. PAT WEBER, CARROL FULKERSON, LINDA FULKERSON, NEAL DEITZ, SHANNON DEITZ, CHUCK SKILLMAN, JANE SKILLMAN, JERRY JONES, RUBY JONES, JEFFREY SANDERS, KRISTIN SANDERS, RAYMOND BIRDEN, DEBRA BIRDEN, ALFRED DELEON, NOEMI DELEON, RONEN NISSIMOV, NATALIA NISSIMOV, JAMES GALLAGHER, KAREN GALLAGHER, DOUG BENNETT, DEBBIE BENNETT, NATHAN BITNER, GWYNNE BITNER, ARTHUR VOLTMANN, CAROL ANNE VOLTMANN, ROBERT MCCALL, AMANDA MCCALL, CHAD FRY, ANNA FERKO, KARL AND MARY EISENRING, ALICE FRANKLIN, JIM WULFSON, LESLIE WULFSON, GARY WELLS, LISA WELLS, GERARD DOYLE, AND REBECCA DOYLE, Appellees/Cross-Appellants**

**V.**

**TEXAS WATER DEVELOPMENT BOARD, Cross-Appellee**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-65309**

---

**O P I N I O N**

Homeowners, whose properties allegedly flooded when water was released from Lake Conroe in the aftermath of Hurricane Harvey, sued the San Jacinto River Authority (SJRA) and the Texas Water Development Board in a Harris County district court. The homeowners asserted inverse condemnation claims under the Texas and United States constitutions, as well as claims for violations of procedural and substantive due process rights. SJRA filed a motion to dismiss

2

pursuant to Texas Rule of Civil Procedure 91a and a plea to the jurisdiction, principally asserting governmental immunity. The trial court denied the motion and the plea. The Texas Water Board filed a Rule 91a motion also asserting governmental immunity. The trial court granted that motion.

In these interlocutory cross-appeals, SJRA challenges the denial of its plea to the jurisdiction, while the homeowners challenge the dismissal of their claims against the Texas Water Board.[1] For the first time on appeal, SJRA and the Texas Water Board additionally argue that the district court did not have subject matter jurisdiction in this case because the county civil courts at law have exclusive jurisdiction over constitutional inverse condemnation claims filed in Harris County, citing Texas Government Code section 25.1032(c). Related to this argument, the homeowners have moved this court to either (1) lift the stay under Texas Civil Practice & Remedies Code section 51.014(b) to allow the homeowners to add statutory takings claims under Government Code Chapter 2007 to their petition in the trial court or (2) upon final adjudication of this appeal, remand this case to the trial court so that the homeowners can plead and prosecute these statutory taking claims. This motion has been taken with the case.

Concluding that the district court lacked subject matter jurisdiction over the homeowners' constitutional inverse condemnation and due process claims and that the homeowners were not entitled to amend their pleadings, we affirm the district court's order dismissing the claims against the Texas Water Board for lack of subject matter jurisdiction, reverse the district court's order denying SJRA's plea to the jurisdiction, and render judgment dismissing the homeowners' claims against SJRA for lack of subject matter jurisdiction.

---

[1] Texas Civil Practice and Remedies Code section 51.014(a)(8) permits an appeal from an interlocutory order that grants or denies a plea to the jurisdiction filed by a governmental unit.

3

## *Background*

Hurricane Harvey moved through the Houston area in late August 2017, bringing record-setting rains and causing widespread flooding. The homeowners allege that their properties, which are all near either the West Fork or the East Fork of the San Jacinto River, did not flood during Hurricane Harvey but flooded only after the rains associated with the hurricane had dissipated and a large volume of water was released from the Lake Conroe Dam into the West Fork. SJRA built the Lake Conroe Dam in 1973—with assistance from the Texas Water Board—and has operated the dam ever since. The homeowners assert that SJRA intentionally caused the flooding of their properties to protect the integrity of the dam as well as other properties, while the Texas Water Board retained a certain amount of supervision or control over SJRA's actions. The homeowners further allege that this was not the first time that a release of water from the dam had caused flooding on their properties.

In their second amended petition—the live petition at the time of the relevant trial court rulings and when this appeal was filed—the homeowners raised inverse condemnation claims under both the Texas and United States constitutions based on the alleged physical and regulatory taking of their property. The homeowners additionally raised procedural and substantive due process claims, asserting that SJRA failed to produce responsive documents while moving to dismiss the lawsuit and that SJRA and the Texas Water Board violated the homeowners' right to live on their properties without government-induced flooding.

As stated above, the Texas Water Board filed a motion to dismiss for want of jurisdiction, which the trial court granted, and SJRA filed a plea to the jurisdiction, which the trial court denied. During the pendency of this appeal and

4

while the mandatory appellate stay was in place, *see* Texas Civil Practice & Remedies Code section 51.014(b), the homeowners filed a third amended petition and a fourth amended petition adding claims against SJRA for statutory takings under Chapter 2007 of Texas Government Code. The homeowners thereafter withdrew those amended petitions, apparently after SJRA objected in an email. In this appeal, as mentioned above, the homeowners request that we either lift the mandatory appellate stay to permit them add Chapter 2007 claims to their petition or, upon final adjudication of this appeal, remand this case to the trial court so that the homeowners can pursue their Chapter 2007 claims.

### *Standards of Review*

All of the issues in this appeal concern the trial court's subject matter jurisdiction. Subject matter jurisdiction is essential to the authority of a court to decide a case; it therefore cannot be waived and can be raised for the first time on appeal, even sua sponte. *See Clint I.S.D. v. Marquez*, 487 S.W.3d 538, 558 (Tex. 2016); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). The existence of subject matter jurisdiction is a question of law, reviewed de novo. *See Wheelabrator Air Pollution Control, Inc. v. City of San Antonio*, 489 S.W.3d 448, 451 (Tex. 2016). In assessing whether a court has subject matter jurisdiction over particular claims, we construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings except to the extent negated by evidence. *Tex. Parks & Wildlife Dep't v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004).

If the pleadings are insufficient to establish jurisdiction but do not affirmatively establish an incurable defect, the plaintiff should be afforded an opportunity to replead. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007); *Miranda*, 133 S.W.3d at 226–27. However, if the pleadings affirmatively negate

5

the trial court's jurisdiction, the case may be dismissed without allowing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 227.

## *Discussion*

We will begin by considering whether, as SJRA and the Water Board argue on appeal, the Harris County civil courts at law have exclusive jurisdiction over the homeowners' constitutional inverse condemnation claims. Concluding that they do and the district court therefore lacked jurisdiction over the homeowners' inverse condemnation claims, we will then consider whether the district court retained jurisdiction over the homeowners' due process claims. Concluding that it did not, we will address the proper disposition of these appeals and whether the homeowners are entitled to a remand to amend their pleadings.

### I. Constitutional Inverse Condemnation Claims

As stated, in their live pleading (the second amended petition), the homeowners raised inverse condemnation claims under both the Texas and United States constitutions based on the alleged physical and regulatory taking of their property.[2] SJRA and the Texas Water Board contend on appeal that Texas Government Code section 25.1032(c) imbues the county civil courts at law with exclusive jurisdiction over all inverse condemnation claims filed in Harris County. That provision states in full:

---

[2] The Fifth Amendment to the United States Constitution grants a landowner the right to seek compensation from the government for land that the government takes: "[N]or shall private property be taken for public use, without just compensation." U.S. Const. amend. V. The Just Compensation Clause applies to the states by operation of the Fourteenth Amendment. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 933 (Tex. 1998). The Texas Constitution likewise provides for a takings claim, stating: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person . . . ." Tex. Const. art. I, § 17. Although the two constitutional provisions are worded differently, the Texas Supreme Court has described them as comparable and looked to federal cases for guidance in takings cases. *See, e.g., Hallco Tex., Inc. v. McMullen Cty.*, 221 S.W.3d 50, 56 (Tex. 2006).

6

A county civil court at law has exclusive jurisdiction in Harris County of eminent domain proceedings, both statutory and inverse, if the amount in controversy in a statutory proceeding does not exceed the amount provided by Section 25.0003(c) in civil cases. Notwithstanding Section 21.013, Property Code, a party initiating a condemnation proceeding in Harris County may file a petition with the district clerk when the amount in controversy exceeds the amount provided by Section 25.0003(c). The amount in controversy is the amount of the bona fide offer made by the entity with eminent domain authority to acquire the property from the property owner voluntarily.

Tex. Gov't Code § 25.1032(c).

This court has interpreted section 25.1032(c) as providing the county civil courts at law with exclusive jurisdiction over all inverse condemnation claims filed in Harris County. *Doan v. TransCanada Keystone Pipeline, LP*, 542 S.W.3d 794, 797, 799-801, 806 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Likewise, in a case involving the very same release of water from the Lake Conroe Dam as is at the heart of the present case, the First Court of Appeals came to the same conclusion. *See San Jacinto River Auth. v. Burney*, 570 S.W.3d 820, 825-29 (Tex. App.—Houston [1st Dist.] 2018, pet. filed).

Generally, Texas district courts and county courts at law have concurrent jurisdiction in eminent-domain cases, but section 25.1032(c) creates an exception for certain cases filed in Harris County. *See* Tex. Prop. Code 21.001; *Burney*, 570 S.W.3d at 826.[3] Under section 25.1032(c), county civil courts at law in Harris County have exclusive jurisdiction over all inverse condemnation claims and over statutory condemnation claims in which the amount of the contemnor's bona fide offer is no more than $200,000, the amount currently set by section 25.0003(c). *Doan*, 542 S.W.3d at 798 n.1, 806.

---

[3] The basis for the distinction in Harris County appears to have been docket control concerns. *See Taub v. Aquila Sw. Pipeline Corp.*, 93 S.W.3d 451, 457–58 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (discussing legislative history).

7

Inverse condemnation claims and statutory condemnation claims are distinct categories of eminent-domain proceedings. *See Burney*, 570 S.W.3d at 826. A statutory condemnation proceeding is the method by which the government acquires private property through the exercise of its eminent domain powers. *See* Tex. Prop. Code 21.011. An inverse-condemnation action is a constitutional claim in which the property owner asserts that a governmental entity intentionally performed acts that resulted in a "taking" of the property for public use, without formally condemning the property. *Burney*, 570 S.W.3d at 826 (citing *Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 554 (Tex. 2004)).

Although the homeowners suggest that section 25.1032(c) provides exclusive jurisdiction in eminent domain proceedings only when a bona fide offer by the contemnor does not exceed $200,000, the provision cannot plausibly be read to support that contention. The $200,000 cap expressly applies only to statutory condemnation proceedings and not inverse condemnation proceedings. *See Burney*, 570 S.W.3d at 828 (rejecting identical argument). As the homeowners' eminent domain claims in the present lawsuit are undisputedly inverse condemnation claims, the Harris County civil courts at law have exclusive jurisdiction, and consequently, the district court lacked subject matter jurisdiction over these claims.[4]

The court below also lacked jurisdiction over the homeowners' inverse condemnation claims based on the United States Constitution for the additional

---

[4] Both sides cite legislative history that they assert supports their reading of section 25.1032(c). *See* Senate Research Ctr., Bill Analysis, H.B. 2536, 84th Leg., R.S. (2015) (cited by homeowners); House Research Org., Bill Analysis, Tex. H.B. 2536, 84th Leg., R.S. (2015) (cited by Texas Water Board). Because the legislative intent of the provision is clear from the plain meaning of the words used, we decline to consider these extrinsic sources. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *see also Burney*, 570 S.W.3d at 827 n.16 (rejecting consideration of legislative history in interpreting same statute).

8

reason that these claims are not ripe. *See Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 195 (1985) ("[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."); *City of Houston v. Guthrie*, 332 S.W.3d 578, 592 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("[A] federal takings claim is not technically ripe until the state takings claim is resolved."); *see also Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 294 (5th Cir. 2006); *City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 245 (Tex. 2011).

## II. Due Process Claims

As mentioned, the homeowners also raised substantive and procedural due process claims under the United States Constitution. For their substantive due process claims, the homeowners alleged SJRA and the Texas Water Board violated the homeowners' right to live on their properties without government-induced flooding. For their procedural due process claims, the homeowners alleged that SJRA failed to produce documents relevant to the homeowners' inverse-condemnation claims while moving to dismiss the homeowners' lawsuit and that the Texas Water Board "endorsed SJRA's refusal to produce these documents" while also moving for dismissal.[5]

---

[5] Under the Due Process Clause of the Fourteenth Amendment, no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The United States Supreme Court has determined that this provision has both procedural and substantive components. *E.g., Daniels v. Williams*, 474 U.S. 327, 331 (1986); *Reynoso v. Dibs US, Inc.*, 541 S.W.3d 331, 338 (Tex. App.—Houston [14th Dist.] 2017, no pet.). A violation of substantive due process occurs when the government deprives individuals of constitutionally protected rights by an arbitrary use of power. *Reynoso*, 541 S.W.3d at 338-39. Procedural due process requires that before an individual can be deprived of a vested property right, the government must afford an appropriate and meaningful opportunity to be heard. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 939 (Tex. 1998). Due process entails notice and an opportunity to be heard at a meaningful time and in a meaningful manner with respect to a

We conclude that the district court lacks subject matter jurisdiction over the purported substantive and procedural due process claims because, as pleaded, they are necessarily dependent upon the viability of the inverse-condemnation claims over which the district court lacks jurisdiction. In regard to the substantive due-process claims, "where claims nominally asserted under other constitutional provisions are based on what is substantively a takings claim, the former are deemed to be 'subsumed' into the takings claim, and are not independently actionable." *City of New Braunfels v. Carowest Land, Ltd.*, 432 S.W.3d 501, 517–18 (Tex. App.—Austin 2014, no pet.) (citing *Sandy Creek Investors, Ltd. v. City of Jonestown*, 325 F.3d 623, 626 (5th Cir. 2003), and *John Corp. v. City of Houston*, 214 F.3d 573, 582–83 (5th Cir. 2000)). Here, the homeowners' claim that SJRA and the Texas Water Board violated the homeowners' right to live on their properties without government-induced flooding is substantively a takings claim. Accordingly, it is subsumed in the inverse condemnation claims and not independently actionable. *See id.* at 519 (holding trial court erred in denying governmental entity's plea to the jurisdiction because plaintiff did not allege "any viable claim for constitutional violations that [wa]s substantively distinct from its non-viable takings claim"); *cf. City of Houston v. Song*, No. 14-11-00903-CV, 2013 WL 269036, at *4 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, pet. denied) (mem. op.) (dismissing nuisance claim against governmental entity for lack of jurisdiction because it was based on the same facts that formed the basis for inverse condemnation claim on which entity retained governmental immunity).

The only procedural due process violation alleged is that the homeowners have not received documents relevant to their inverse-condemnation claims. The homeowners sought the documents through a request pursuant to the Texas Public

decision affecting an individual's vested property rights. *Tex. Workers' Comp. Com'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658 (Tex. 2004).

Information Act. *See* Tex. Gov't Code §§ 552.001-.353. But instead of seeking civil enforcement after the denial of their request through a writ of mandamus or action for declaratory judgment—specific remedies provided under the Act, *see id.* §§ 552.321-.3215—the homeowners raised their complaint as a "procedural due process" claim based on SJRA and the Texas Water Board's requesting that the trial court dismiss the inverse condemnation claims in this lawsuit. The homeowners added the procedural due process claim in their second amended petition only after the Texas Water Board filed its motion to dismiss.

Essentially, this is a discovery complaint, but it too is predicated on the viability of the homeowners' inverse-condemnation claims. In other words, the homeowners do not state an independent basis for complaining that SJRA failed to produce certain documents outside of its potential impact on the homeowners' inverse-condemnation claims. Because the district court lacks subject matter jurisdiction over the inverse-condemnation claims, it lacks jurisdiction not only to decide the merits but also to fashion discovery relief relating solely to the claimants' ability to prove the merits. *See In re Astrotech Corp.*, No. 03-13-00624-CV, 2014 WL 711018, at *2 (Tex. App.—Austin Feb. 14, 2014, orig. proceeding) (mem. op.) ("If the trial court does not have jurisdiction to enter a judgment, it does not have jurisdiction to allow plaintiffs to conduct discovery."); *City of Anson v. Harper*, 216 S.W.3d 384, 390 (Tex. App.—Eastland 2006, no pet.) (same); *see also In re Hoa Hao Buddhist Congregational Church Tex. Chapter*, No. 01-14-00059-CV, 2014 WL 7335188, at *6 (Tex. App.—Houston [1st Dist.] Dec. 23, 2014, orig. proceeding) (mem. op.); *In re W.L.W.*, 370 S.W.3d 799, 807-08 (Tex. App.—Fort Worth 2012, orig. proceeding). We further note that, in their appeal, the homeowners do not address the nominally asserted substantive and procedural due process claims at all and do not contend that the district court would possess

11

jurisdiction over those claims in the event the court lacks jurisdiction over the inverse-condemnation claims.

### III. Disposition

Having determined that the district court lacked subject matter jurisdiction over the homeowners' constitutional inverse condemnation and due process claims raised in the homeowners' second amended petition, we now turn to the proper disposition of the case.

We have carried with the case the homeowners' "Opposed Motion for Leave to Reinstate Appellees' Chapter 2007 Takings Claim and Notice of Supplemental Authority." In their motion, the homeowners request two alternative forms of relief in the event we were to conclude, as we do, that the district court lacks subject matter jurisdiction over the claims in the homeowners' second amended petition. First, the homeowners ask us to lift the mandatory stay effective during this interlocutory appeal so that they may amend their petition to assert statutory takings claims under Chapter 2007 of the Texas Government Code, also known as the Private Real Property Rights Preservation Act. Tex. Gov't Code §§ 2007.001-.045.[6] The homeowners contend that Harris County district courts have jurisdiction over statutory takings claims. *See* Tex. Gov't Code § 2007.021(a) (requiring claims under Chapter 2007 be brought in district court); *Burney*, 570 S.W.3d at 829, 831-39 (holding alleged flood victims properly brought claims under Chapter 2007 in a Harris County district court). The homeowners asserted such claims in their third and fourth amended petitions filed during the pendency of the appellate stay. After SJRA objected, the homeowners filed notices withdrawing those amended petitions. Second, and alternatively, the homeowners request that upon final

---

[6] *See* Tex. Civ. Prac. & Rem. Code § 51.014(b) (imposing automatic stay on trial court proceedings during pendency of certain interlocutory appeals).

12

adjudication of this appeal, this court should remand this case to the district court so that the homeowners can plead and prosecute their Chapter 2007 claims.

We deny the homeowners' motion. First, we lack authority to lift the legislatively mandated stay in section 51.014(b), even for a limited purpose. *In re Geomet Recycling, LLC*, 578 S.W.3d 82, 86-91 (Tex. 2019). The homeowners cite cases in which courts lifted a stay for a limited purpose. *See State v. Signal Drilling, LLC*, No. 07-17-00412-CV, 2018 WL 542716, at *1 (Tex. App.—Amarillo Jan. 23, 2018, no pet.) (mem. op.); *City of Sealy v. Town Park Ctr.*, No. 01-17-00127-CV, 2017 WL 3634025, at *1 n.1 (Tex. App.—Houston [1st Dist.] Aug. 24, 2017, no pet.) (mem. op.); *City of Dallas v. Brown*, 373 S.W.3d 204, 207 (Tex. App.—Dallas 2012, pet. denied). Their cases, however, predate *In re Geomet* and do not provide a sound legal justification upon which we may lift the stay.

Second, because the district court lacks subject matter jurisdiction over all pleaded claims, the proper remedy is to reverse the order denying SJRA's plea and render judgment dismissing the homeowners' claims for lack of subject matter jurisdiction. *See City of Houston v. McGowen*, No. 14–13–00415–CV, 2014 WL 2039856, at *1 (Tex. App.—Houston [14th Dist.] May 15, 2014, no pet.) (mem. op.). The homeowners' live petition does not allege statutory takings claims, and their third and fourth proposed amended petitions, even assuming they were not withdrawn, are of no effect because the homeowners filed them in violation of the stay. *See City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 8-9 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 923-24 (Tex. 2011) (holding that actions taken by trial court in violation of the appellate stay are erroneous and voidable); *In re Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00202-CV, 2019 WL 3418568, at *3 & n.2 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.) (explaining

13

that same applies to actions taken by parties in violation of stay). In this situation, the homeowners' live pleading affirmatively negates the district court's jurisdiction; hence, the homeowners are not entitled to a remand to plead new claims over which the district court may possess subject matter jurisdiction. *Clint I.S.D. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016); *Smith v. City of Blanco*, No. 03-08-00784-CV, 2009 WL 3230836, at *6 (Tex. App.—Austin Oct. 8, 2009, no pet.) (mem. op.). Generally, the right to replead "arises when the pleadings fail to allege enough jurisdictional facts to demonstrate the trial court's jurisdiction"; it is not a "mechanism . . . for parties, over whose claims the trial court does not have jurisdiction, to plead new claims over which the trial court does have jurisdiction." *Clint I.S.D.*, 487 S.W.3d at 559. The homeowners otherwise cite no authority supporting their request that we remand with instructions that as yet unpleaded statutory takings claims be allowed to proceed.

Our disposition, however, is without prejudice to the homeowners' rights, if any, to file or refile claims in the proper court, and we express no opinion as to the availability or viability of any future claims.

## *Conclusion*

Because, pursuant to Government Code section 25.1032(c), the district court lacked subject matter jurisdiction over the homeowners' constitutional inverse condemnation claims and dependent due process claims, we affirm the district court's order dismissing the claims against the Texas Water Board for lack of subject matter jurisdiction, reverse the district court's order denying SJRA's plea to the jurisdiction, and render judgment dismissing the homeowners' claims against SJRA for lack of subject matter jurisdiction. *See Bansal v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 502 S.W.3d 347, 351, 358 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

14

/s/ Frances Bourliot
Justice


Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.