Tracy Christopher, Justice
This case concerns TransCanada Keystone Pipeline, LP's attempts to acquire the right to construct and operate a pipeline *797 through the land submerged beneath Muleshoe Lake, which is located on a tract of land owned by Wayne Hoang Nhut Doan. TransCanada believes that the submerged land is owned by the Port of Houston Authority of Harris County, Texas ("the Port Authority"), and so purchased a license from the Port Authority for the project and constructed the pipeline. Doan asserts that the land belongs to him. Doan sued in a Harris County district court, asserting a takings claim against the Port Authority, a trespass-to-try-title claim against two Port Authority employees, and a trespass claim against TransCanada. TransCanada raised a condemnation counterclaim. After a nonjury trial, the district court held that Doan is the sole remaining owner of the submerged land, allowed TransCanada to condemn an easement through the submerged land, awarded Doan $139 as just compensation for the easement, and denied all relief on Doan's trespass claim against TransCanada. On appeal, Doan contends that in Harris County, the county civil courts at law have exclusive jurisdiction over condemnation claims in which the amount of the condemnor's bona fide offer for the property is no more than $200,000, and thus, the ruling on that claim is void. He further contends that the district court erred in denying his motion to abate the case until such time as TransCanada made a bona fide offer of more than $200,000 for the property. In a conditional cross-appeal, TransCanada argues that the district court erred in finding that the Port Authority's live pleading sufficiently disclaimed ownership of the property and in holding that Doan is the property's sole owner.
We agree that in Harris County, the civil courts at law have exclusive jurisdiction over condemnation claims where the amount of the condemnor's bona fide offer is no more than $200,000. Moreover, the same statute grants the Harris County civil courts at law exclusive jurisdiction over all takings claims. Thus, the district court's rulings on these claims are void for lack of subject-matter jurisdiction. Regarding the district court's purported denial of Doan's motion to abate, we conclude that the issue has not been preserved for appeal. As for TransCanada's challenge to the district court's finding that Doan "is the sole remaining owner of the property," the court recited that it had considered the evidence, and in the absence of a reporter's record, we must presume that the evidence supports the finding.
We modify the judgment to vacate for lack of jurisdiction the district court's rulings on TransCanada's condemnation claim against Doan and on Doan's takings claim against the Port Authority. As modified, we affirm the district court's judgment.
I. BACKGROUND
TransCanada wished to build a pipeline crossing beneath Muleshoe Lake, which is located on a tract of land owned by Doan in Harris County. Believing that the submerged land ("the Property") is owned by the Port Authority under the public-trust doctrine, TransCanada paid the Port Authority nearly $43,000 for a ten-year renewable license to construct, maintain, and operate the pipeline within the Property, which is referred to in the license as "Port property." Having obtained a license from the Port Authority to construct the pipeline through the Property, TransCanada did not offer to pay Doan for an easement for the same use of the Property.
TransCanada also needed an easement across the lake's dry banks, but it was unable to agree with Doan on a price. Three months after obtaining its license from the Port Authority, TransCanada filed a condemnation petition in Harris County Court at Law No. 4 to obtain a *798 permanent, non-exclusive, 50-foot-wide right-of-way and easement across the lake's dry banks. The trial court appointed special commissioners to determine the Property's value, but before the special commissioners' hearing, TransCanada and Doan agreed to a $100,000 purchase price for the easement. The parties further agreed that their settlement of the condemnation claim across the lake's dry banks did not resolve the disputed ownership of the Property, that is, the land submerged beneath the lake.
Nearly a year later, Doan sued TransCanada in Harris County's 190th District Court, later adding as defendants the Port Authority and its employees Roger Guenther and Mark Vincent. In his live pleadings before trial, Doan asserted (a) a takings claim against the Port Authority, (b) trespass-to-try-title claims against Guenther and Vincent, and (c) a trespass claim against TransCanada for its use of the Property. TransCanada denied that Doan owned the Property, but pleading in the alternative, TransCanada asserted a counterclaim for condemnation.
In its First Amended Answer, the Port Authority denied having claimed that it "owns or has title to or has taken or intends to take possession" of the Property. "To the contrary," the Port Authority added, "the Port Authority has determined that affirmatively claiming and litigating ownership of the submerged land in question is not in the Port Authority's or the public's best interest." In a single summary-judgment motion, the Port Authority, Guenther, and Vincent moved for a take-nothing judgment on the respective claims against them, on the grounds both of immunity and that they allegedly had taken no action to claim ownership of the Property. The district court granted the motion without stating the grounds.
A month later, Doan moved to abate TranCanada's condemnation counterclaim on the ground that TransCanada had not made a bona fide offer to acquire the property. TransCanada, however, agreed to make a bona fide offer, and it moved jointly with Doan for a continuance for that purpose. TransCanada had the Property appraised and made a bona fide offer to purchase an easement from Doan for $139. Doan rejected the offer, and the case proceeded to trial on ownership and value.
After Doan announced ready for trial, he pointed out to the district court section 25.1032(c) of the Texas Government Code, under which Harris County civil courts at law have exclusive jurisdiction over statutory eminent-domain proceedings in which the amount of the condemnor's bona fide offer is no more than $200,000.[1] The trial court overruled the jurisdictional challenge.
After the nonjury trial, the district court found that (a) "the pleading by the Houston Port Authority is a sufficient disclaimer" of the Port Authority's ownership, (b) Doan is the sole owner of the Property, and (c) the fair market value of the Property at the time of the taking was $139. The district court rendered judgment in accordance with these findings, granting TransCanada its requested easement and *799 overruling Doan's combined motion to modify the judgment and motion for new trial. Doan has appealed, and TransCanada has filed a conditional cross-appeal.
II. ISSUES PRESENTED
In two issues Doan argues that the district court lacks subject-matter jurisdiction over TransCanada's condemnation counterclaim, and that the district court erred in refusing to abate the case until TransCanada made Doan a bona fide offer large enough to bring the proceeding outside the Harris County civil courts at law's exclusive jurisdiction under Texas Government Code section 25.1032(c).
In its conditional cross-appeal, TransCanada asks that if we conclude the district court lacked jurisdiction over the condemnation counterclaim, we also find that the trial court erred in finding, based solely on language in the Port Authority's pleading, that the Port Authority disclaimed ownership of the Property and that Doan established his ownership of the Property.
III. JURISDICTION OVER TRANSCANADA'S CONDEMNATION COUNTERCLAIM
We begin with Doan's challenge to the district court's subject-matter jurisdiction over TransCanada's condemnation claim. The existence of subject-matter jurisdiction is a question of law, which we review de novo. See Wheelabrator Air Pollution Control, Inc. v. City of San Antonio , 489 S.W.3d 448, 451 (Tex. 2016).
This jurisdictional challenge turns on the construction of several statutes, and the proper construction of a statute is likewise a question of law subject to de novo review. See TIC Energy & Chem., Inc. v. Martin , 498 S.W.3d 68, 74 (Tex. 2016). When interpreting a statute, our primary objective is to give effect to the legislature's intent. See TGS-NOPEC Geophysical Co. v. Combs , 340 S.W.3d 432, 439 (Tex. 2011) ; see also TEX. GOV'T CODE ANN. § 312.005 (West 2013). We identify that intent by looking first to the statute's plain language. See Lippincott v. Whisenhunt , 462 S.W.3d 507, 509 (Tex. 2015) (per curiam). A statute's clear and unambiguous language is determinative of the legislature's intent. See TIC Energy & Chem. , 498 S.W.3d at 74-75. We presume that the legislature purposefully chose which words to include in the statute and which to omit. See Lippincott , 462 S.W.3d at 509. We give a statute's undefined terms their plain and ordinary meaning, and we construe the statute in a way that avoids rendering any word or provision meaningless. See Hous. Belt & Terminal Ry. Co. v. City of Houston , 487 S.W.3d 154, 164 (Tex. 2016). We do not consider statutory provisions in isolation, but read the statute as a whole. See In re Mem'l Hermann Hosp. Sys. , 464 S.W.3d 686, 701 (Tex. 2015) (orig. proceeding).
Sometimes, statutes appear to conflict. If a general provision conflicts with a special or local provision, we will construe them to give effect to both, if possible. TEX. GOV'T CODE ANN. § 311.026(a) (West 2013). But, if the general provision and the special or local provision cannot be reconciled, then "the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." Id. § 311.026(b).
We begin with the statute at the center of the parties' jurisdictional dispute, Texas Government Code section 25.1032, and with the binding precedent construing it.
A. Texas Government Code section 25.1032
In Harris County, a specific, local statute- *800 Texas Government Code section 25.1032 -addresses jurisdiction over condemnation claims and takings claims:
A county civil court at law has exclusive jurisdiction in Harris County of eminent domain proceedings, both statutory and inverse, if the amount in controversy in a statutory proceeding does not exceed [$200,000].... The amount in controversy is the amount of the bona fide offer made by the entity with eminent domain authority to acquire the property from the property owner voluntarily.
TEX. GOV'T CODE ANN. § 25.1032(c) (West Supp. 2016).[2] The monetary limit on the county civil court at law's exclusive jurisdiction over statutory eminent-domain proceedings was added in 2015.[3] Because the amount of TransCanada's bona fide offer is far below that limit, cases construing the prior version of the statute, which had no such limit, are equally applicable here. Chief among this binding precedent is Taub v. Aquila Southwest Pipeline Corp. , 93 S.W.3d 451 (Tex. App.-Houston [14th Dist.] 2002, no pet.).
The facts in Taub are very like those of this case. In Taub -as here-the putative property owner filed a trespass action against the condemnor pipeline company in a Harris County district court, and-as here-the pipeline company counterclaimed for condemnation. See ids="9375270" index="10" url="https://cite.case.law/sw3d/93/451/">id. at 454. As in this case, the condemnor in Taub argued that the district court had jurisdiction over the counterclaim pursuant to Texas Property Code section 21.003 :
A district court may determine all issues, including the authority to condemn property and the assessment of damages, in any suit:
(1) in which this state, a political subdivision of this state, a person, an association of persons, or a corporation is a party; and
(2) that involves a claim for property or for damages to property occupied by the party under the party's eminent domain authority or for an injunction to prevent the party from entering or using the property under the party's eminent domain authority.
TEX. PROP. CODE ANN. § 21.003 (West 2014). See id. at 456-57.
We held in Taub that this provision concerning the district court's authority to address condemnation claims conflicts with the legislature's grant in Texas Government Code section 25.1032(c) of exclusive jurisdiction over condemnation and takings claims in Harris County to the county civil courts at law. See id. at 457. We explained in Taub that when a general law conflicts with a later, more specific act on the same subject, the general law applies "to all cases except the particular one embraced in the specific act." Id. (quoting Sam Bassett Lumber Co. v. City of Houston , 145 Tex. 492, 496, 198 S.W.2d 879, 881 (1947) ); see also TEX. GOV'T CODE ANN. § 311.026(b). As we pointed out in that opinion, the Texas Constitution grants district courts general jurisdiction "except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."
*801 Taub , 93 S.W.3d at 456 (quoting TEX. CONST. art. V, § 8 ) (emphasis omitted). Because Texas Government Code section 25.1032(c) is the later, more specific statute, granting "exclusive jurisdiction" in Harris County over condemnation and takings claims to the county civil courts at law, we concluded that "the general grant of ancillary jurisdiction in Property Code section 21.003 must yield to the specific grant of 'exclusive jurisdiction' over 'eminent domain proceedings, both statutory and inverse,' found in Texas Government Code section 25.1032(c)." Id. at 457.
Our disposition of Doan's challenge to the district court's jurisdiction over TransCanada's condemnation claim is controlled by our holding in Taub that the Harris County civil courts at law's exclusive jurisdiction under Texas Government Code section 25.1032(c) trumps the district court's ancillary jurisdiction under Texas Property Code section 21.003. Because the Harris County civil courts at law have exclusive jurisdiction over condemnation claims in which the amount of the bona fide offer is no more than $200,000, the district court lacked jurisdiction over TransCanada's condemnation claim.
B. TransCanada's Arguments for the District Court's Jurisdiction
Although TransCanada presents several arguments in support of its position that the district court had jurisdiction to rule on its request to condemn the Property, all of its arguments can be characterized as variations on two overlapping themes: (1) Texas Government Code section 25.1032(c) 's grant of exclusive jurisdiction applies only to "traditional" eminent-domain proceedings and therefore does not conflict with various provisions of the Texas Property Code addressing a district court's jurisdiction over "alternative" eminent-domain proceedings; and (2) Taub is distinguishable because it does not address, and does not apply, to Texas Property Code section 21.017 's "special" provision granting district courts jurisdiction over a condemnation claim brought via "cross-bill."
1. Section 25.1032(c) 's application is not limited to "traditional" eminent-domain proceedings.
TransCanada argues that section 25.1032(c) does not apply because this is not a "traditional" eminent-domain proceeding, but instead is an eminent-domain counterclaim pursuant to Texas Property Code section 21.017(a) :
This state, a political subdivision of this state, a person, an association of persons, or a corporation that is a party to a suit covered by Section 21.003 of this code by petition, cross-bill, or plea of intervention may assert a claim to the property or, alternatively, seek to condemn the property.
TEX. PROP. CODE ANN. § 21.017(a) (West 2014). According to TransCanada, Texas Government Code section 25.1032(c) grants the county civil courts at law exclusive jurisdiction over a condemnation claim only if the claim is "initiated [as] a separate condemnation proceeding," while Texas Property Code section 21.017 allows the district court to exercise jurisdiction over a condemnation claim if it is brought as a counterclaim.[4] Stated differently, TransCanada contends that the Government Code's grant of exclusive jurisdiction over condemnation claims to the Harris county civil courts at law applies only if the condemnor is the plaintiff, but the Property Code grants the district court subject-matter jurisdiction over condemnation claims when the condemnor is the defendant. TransCanada's *802 interpretation finds no support in the plain language of Texas Government Code section 25.1032(c) or of Texas Property Code section 21.017(a).
(a) Texas Government Code section 25.1032(c) 's language does not support TransCanada's interpretation.
Texas Government Code section 25.1032(c) does not purport to limit the Harris County civil courts at law's exclusive jurisdiction over condemnation claims only to those claims raised by a particular type of pleading. Although TransCanada considers that whether the condemnor initiated the suit determines which court has jurisdiction over the condemnation claim, section 25.1032 mentions "initiating" a suit only in the following sentence: "Notwithstanding Section 21.013 , Property Code, a party initiating a condemnation proceeding in Harris County may file a petition with the district clerk when the amount in controversy exceeds [$200,000]." TEX. GOV'T CODE ANN. § 25.1032(c) (emphasis added). Texas Property Code section 21.013(b) says that if the county has a county court at law with jurisdiction over a condemnation proceeding, then the petition initiating a condemnation proceeding must be filed with the clerk for that court. TEX. PROP. CODE ANN. § 21.013(b) (West 2014). In counties without a county court at law, condemnation petitions must be filed with the district clerk. Id. § 21.013(c). Clerks assign an equal number of eminent-domain cases "in rotation to each court with jurisdiction that the clerk serves." Id. § 21.013(d).
Because Harris County's civil courts at law have jurisdiction over condemnation proceedings, Texas Property Code section 21.013(b) ordinarily would require condemnors to file all condemnation petitions in the county court at law. But section 25.1032(c) further provides that if the amount of the bona fide offer exceeds $200,000, then the Harris County civil courts at law and the Harris County district courts have concurrent jurisdiction over the claim. Compare TEX. GOV'T CODE ANN. § 25.1032(c) (imposing a monetary limit on the condemnation claims over which Harris County civil courts at law exercise exclusive jurisdiction) with TEX. PROP. CODE ANN. § 21.001 (West 2014) (the general statute under which district courts and county courts at law have concurrent jurisdiction in eminent-domain cases). The sentence on which TransCanada relies merely provides that when initiating a condemnation suit over which Harris County's district courts and county courts at law have concurrent jurisdiction, a condemnor has the choice under section 25.1032(c) to file the petition with the clerk of either court. This sentence does not purport to limit the Harris County civil courts at law's exclusive jurisdiction based on the type of pleading by which the condemnation claim is raised. Moreover, the sentence's unambiguous terms show that it has no effect at all on condemnation claims such as this, in which the condemnor's bona fide offer is equal to or less than $200,000. It therefore has no application here.
(b) Texas Property Code section 21.017 's language does not support TransCanada's interpretation.
TransCanada also is mistaken in reading section 21.017 of the Property Code as allowing a Harris County district court to exercise jurisdiction over a condemnation claim if it is as asserted in a "cross-bill." This argument is based on a misreading of section 21.017 that reverses the relationship between a court's jurisdiction to rule on a condemnation claim and the pleading by which such a claim is asserted. The pertinent part of this section reads,
*803 This state, a political subdivision of this state, a person, an association of persons, or a corporation that is a party to a suit covered by Section 21.003 of this code by petition, cross-bill, or plea of intervention[5] may assert a claim to the property or, alternatively, seek to condemn the property.
TEX. PROP. CODE ANN. § 21.017(a) (emphasis added).[6] As previously mentioned, Texas Property Code Section 21.003 is the general rule granting a district court ancillary jurisdiction to determine issues such as condemnation of property in cases involving "a claim for property or for damages to property occupied by the party under the party's eminent domain authority or for an injunction to prevent the party from entering or using the property under the party's eminent domain authority." TEX. PROP. CODE ANN. § 21.003. Thus, Texas Property Code section 21.017 allows a party to a suit that already is within the district court's ancillary jurisdiction under section 21.003 to raise a condemnation claim against another by petition, cross-bill, or plea of intervention. Contrary to TransCanada's interpretation, section 21.017 does not say that if a condemnation claim is pleaded in a cross-bill, then the district court has jurisdiction; it says the reverse, specifying that if the district court has ancillary jurisdiction under Property Code section 21.003, then a condemnation claim can be pleaded.
For claims in which the amount of the condemnor's bona fide offer is no more than $200,000, the requirement that the case first be within the district court's ancillary jurisdiction under section 21.003 cannot be met in Harris County, because as we explained in Taub , the Texas Property Code grants Harris County district courts no jurisdiction over claims that Texas Government Code section 25.1032(c) places within the Harris County civil courts at law's exclusive jurisdiction. See Taub , 93 S.W.3d at 457.
2. Taub is not distinguishable on procedural grounds.
TransCanada insists that Taub is distinguishable because "it involved a traditional condemnation proceeding, not a cross-bill or counterclaim asserted in an existing trespass case. "[7] Not only is TransCanada's argument circular,[8] it is factually incorrect.
*804 In Taub -as here-the putative property owner filed a trespass action against the condemnor pipeline company in a Harris County district court. See id. at 454 ("[Property owner] Taub sued [the condemnor] Aquila in district court, asserting common law trespass...."). In Taub -as here-the pipeline company counterclaimed for condemnation. See id. at 454 ("Aquila counterclaimed for condemnation in that action...."). And in Taub , we did indeed address the question of whether the district court had jurisdiction over a request for condemnation when brought as a counterclaim. See ids="9375270" index="23" url="https://cite.case.law/sw3d/93/451/">id. ("The district court did not have jurisdiction over Aquila's condemnation counterclaim."). We affirmed the district court's judgment on the trespass action, which was a claim within that court's subject-matter jurisdiction, but we vacated the portion of the judgment addressing the condemnation claim, which was within the Harris County civil courts at law's exclusive jurisdiction.
TransCanada considers it significant that the Taub condemnor previously had filed a condemnation claim in a Harris County civil court at law for the same easement it sought in the Harris County district court, and the claim in the county civil court at law was consolidated into the district-court proceedings. But if TransCanada were correct in asserting that a Harris County district court has jurisdiction to adjudicate a condemnation claim if raised as a counterclaim, then the district court in Taub would not have lost jurisdiction over that matter simply because an identical claim filed in a different court was improperly consolidated into it. See Haginas v. Malbis Mem'l Found. , 163 Tex. 274, 278, 354 S.W.2d 368, 371 (1962) ("It is the general rule that once jurisdiction is lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction."); Ex parte Hughes , 133 Tex. 505, 520, 129 S.W.2d 270, 279 (1939) (orig. proceeding) (misjoinder of parties and causes of action is not jurisdictional); Hong Kong Dev., Inc. v. Nguyen , 229 S.W.3d 415, 440 (Tex. App.-Houston [1st Dist.] 2007, no pet.) (op. on reh'g) ("[C]onsolidation is generally a procedural matter, rather than a jurisdictional one."); cf. Yohey v. State , 801 S.W.2d 232, 244 (Tex. App.-San Antonio 1990, pet. ref'd) ("[I]mproper consolidation or joinder does not deprive the trial court of jurisdiction."). We vacated the district court's condemnation ruling for lack of jurisdiction, not because the consolidation deprived the district court of jurisdiction over a condemnation counterclaim that otherwise was properly before it, but because the grant of exclusive jurisdiction over condemnation claims to the Harris County civil courts at law precluded the Harris County district court from acquiring jurisdiction over any condemnation claim-including the one that Aquila pleaded as a counterclaim in the district court.[9] The *805 same is true here: because the Harris County civil courts at law have exclusive jurisdiction over the condemnation claim pleaded as a counterclaim in this case, the Harris County district court had no jurisdiction to rule on it.
TransCanada also makes the related argument that Property Code section 21.017 allows a condemnation claim to be raised through a cross-bill in a Harris County district court because a cross-bill is a special procedure for raising a condemnation claim in a district court. But a "cross-bill" is not a special procedure or pleading; it is simply an older term for "counterclaim," at one time used interchangeably with "plea in reconvention" or "cross action."[10] Cross-bills are not specific to condemnation claims,[11] nor are such pleadings available only in district courts.[12] In any event, the nature of a condemnation cross-bill filed pursuant to section 21.017 is relevant only if that section applies, and by its terms, section 21.017 applies only if the district court is authorized by Texas Property Code section 21.003 to exercise jurisdiction over a condemnation claim. Thus, our conclusion that the Harris County district court has no jurisdiction under Property Code section 21.003 over the condemnation counterclaim at issue is dispositive of any argument that the district court has such jurisdiction under section 21.017-just as in Taub.
*806 3. Conclusion
In sum, Government Code section 25.1032(c) grants Harris County civil courts at law exclusive jurisdiction over all takings claims and over condemnation claims in which the amount of the condemnor's bona fide offer is no more than $200,000. As we explained in Taub , this local statute prevails over conflicting jurisdictional statutes-including Texas Property Code sections 21.001 (addressing a district court's concurrent jurisdiction) and 21.003 (concerning a district court's ancillary jurisdiction). This result is unaltered by Texas Property Code section 21.017, which does not create an exception allowing a Harris County district court to exercise jurisdiction over a condemnation claim if raised in a cross-bill. The district court instead lacked subject-matter jurisdiction over TransCanada's condemnation counterclaim.
If a trial court lacks subject-matter jurisdiction to make the challenged ruling, then the ruling is void. See Mapco, Inc. v. Forrest , 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding) (per curiam). And if a ruling is void, then the appellate court lacks jurisdiction to review the ruling's merits. See Phillips v. Bramlett , 407 S.W.3d 229, 236 (Tex. 2013) (citing Times Herald Printing Co. v. Jones , 730 S.W.2d 648, 649 (Tex. 1987) (per curiam)); Waite v. Waite , 150 S.W.3d 797, 800 (Tex. App.-Houston [14th Dist.] 2004, pet. denied). The appellate court instead must declare the ruling void or vacate it. See State ex rel. Latty v. Owens , 907 S.W.2d 484, 486 (Tex. 1995) (per curiam) (declaring an order void for lack of jurisdiction); Sumner v. Bd. of Adjustment of City of Spring Valley Vill. , No. 14-15-00149-CV, 2016 WL 2935881, at *8 (Tex. App.-Houston [14th Dist.] May 17, 2016, pet. denied) (mem. op.) (vacating a Harris County district court's summary judgment on a takings claim because "[a]lthough district courts typically are courts of general jurisdiction, the Legislature has vested exclusive jurisdiction over inverse condemnation claims in the Harris County Courts at Law").
We accordingly declare void the portions of the judgment addressing TransCanada's condemnation claim, modify the judgment to delete those rulings, and dismiss Doan's first appellate issue for lack of jurisdiction.
IV. DOAN'S MOTION TO ABATE
In his second issue, Doan contends that the trial court erred in refusing to abate the case and in refusing to sign an order denying Doan's motion to abate the case. We conclude that this issue has not been preserved for review.
Texas Property Code section 21.047 provides that if the "condemnor did not make a bona fide offer to acquire the property from the property owner voluntarily as required ..., the court shall abate the suit, order the condemnor to make a bona fide offer, and order the condemnor to pay [costs and attorney's and professional's fees]." TEX. PROP. CODE ANN. § 21.047 (West 2014). Asserting that TransCanada had made no bona fide offer, Doan filed a motion to abate on January 5, 2016, and set it to be heard by submission on January 18, 2016. The day after filing the motion, the parties filed a joint motion for continuance to allow time for TransCanada to make an offer and for Doan to evaluate it. Doan admits that about two weeks later, TransCanada made Doan a bona fide offer of $139 for the permanent pipeline easement it sought. Doan did not accept the offer.
Months later, the case was called to trial and Doan announced ready. When the trial court asked if any pretrial matters remained, Doan's counsel asked the trial court to sign an order denying its motion *807 to abate. The trial court asked when the motion was heard, and Doan's attorney answered that the motion had not been heard because "it was pulled when [TransCanada] agreed to make an offer." The trial court stated, "[A] motion to abate was never presented to me. I am not hearing it today." Thus, the trial court did not deny the motion to abate, but instead refused to rule on it because Doan had passed the original hearing and never reset it.
To preserve a complaint for appellate review, the record must show either that the trial court ruled on the request, objection, or motion, or that the complaining party objected to the trial court's refusal to rule. See TEX. R. APP. P. 33.1(a)(2)(B). Because the trial court did not rule on the motion, and Doan did not object to the trial court's refusal to rule, this complaint has not been preserved for review.
Doan's complaint also has not been preserved for the independent reason that his complaint on appeal does not comport with the complaint raised in the trial court. Doan claimed in his motion to abate only that TransCanada had made no bona fide offer at all, and he argued that "Abatement is Mandatory when no Bona Fide Offer is Made." Doan's argument for abatement was based solely on Texas Property Code section 21.047(d), which applies only if "a condemnor did not make a bona fide offer to acquire the property.' " TEX. PROP. CODE ANN. § 21.047(d). Doan concedes on appeal, however, that TransCanada made Doan a bona fide offer of $139 shortly after Doan filed his motion to abate; thus, the motion was moot before he ever asked the trial court to rule on it. He therefore makes a different argument on appeal, contending that the trial court erred in "refusing to abate the case until TransCanada made Doan a bona fide offer within the jurisdiction of the district court, and outside the exclusive jurisdiction of the Harris County civil courts at law ," that is, until TransCanada offered Doan more than $200,000 for the property. Because this is not the ground raised in Doan's motion for abatement, this complaint has not been preserved for review.
V. THE DISTRICT COURT'S RULING ON OWNERSHIP OF THE PROPERTY
TransCanada's conditional cross-issue is directed to the following language in the district court's judgment:
Having considered the evidence, the Court determined that the Port of Houston Authority of Harris County, Texas (the "PHA") based on language in the PHA's First Amended Original Answer filed on October 23, 2015, the PHA [sic] disclaimed any interest in Muleshoe Lake ("the Property"), and that Doan is the sole owner of the Property....
In TransCanada's cross-issue, it asks, "Did the trial court, based solely on language in the Port of Houston Authority's First Amended Original Answer, erroneously find that the Port of Houston disclaimed ownership of property under Muleshoe Lake and that Doan established his ownership of that property?" This issue concerns two parts of the quoted language of the judgment, the first being the district court's ruling that the Port Authority's pleading constituted a disclaimer of any interest in the Property, and the second being the ruling that Doan is the Property's sole owner.
A. The Port Authority's Disclaimer
In stating that the Port Authority disclaimed any interest in the Property, the district court relied on the Port Authority's First Amended Original Answer. The Port Authority's pleading was filed in answer to the only claim asserted against *808 it, which was Doan's takings claim.[13] The trial court's ruling on the effect of the Port Authority's disclaimer presumably is a ruling on Doan's takings claim, for the disclaimer properly applied only to Doan's claim against the Port Authority and not to claims between Doan and any other defendant. Cf. Green v. City of Antonio , 282 S.W.2d 769, 775 (Tex. Civ. App.-San Antonio 1955, writ ref'd n.r.e.) (per curiam) (holding that one defendant's disclaimer of an interest in property was effective only as to the plaintiffs' claims against that defendant), cited with approval in Getty Oil Co. v. Ins. Co. of N. Am. , 845 S.W.2d 794, 800 (Tex. 1992). As discussed further infra , the record before us does not show that the district court relied on the disclaimer in deciding any claims between Doan and TransCanada.
Regarding the district's court's authority to rule on the takings claim, we already have seen that in Harris County, section 25.1032(c) of the Texas Government Code grants the county civil courts at law exclusive jurisdiction over all takings claims. The district court therefore lacked jurisdiction over Doan's takings claim against the Port Authority. See Sumner , 2016 WL 2935881, at *8 ; see also Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth. , 320 S.W.3d 829, 834 & n.5 (Tex. 2010) (noting that a takings claim initially filed as part of a suit in a Harris County district court "had to be refiled in the Harris County Civil Court at Law" (citing TEX. GOV'T CODE ANN. § 25.1032(c) )). And because the district court lacked jurisdiction to rule on the takings claim, we lack jurisdiction to review the ruling on the merits.
We instead declare void for lack of jurisdiction that portion of the judgment in which the district court stated, "the Court determined that the Port of Houston Authority of Harris County, Texas (the 'PHA') based on language in the PHA's First Amended Original Answer filed on October 23, 2015, the PHA [sic] disclaimed any interest in Muleshoe Lake ('the Property')." We modify the judgment to delete this language, and we dismiss for lack of jurisdiction the portion of TransCanada's conditional cross-appeal in which it challenges the merits of the district court's ruling that the Port Authority disclaimed any interest in the Property.
B. Doan's Ownership of the Property
In the second part of TransCanada's conditional cross-appeal, it challenges the district court's ruling that "Doan is the sole owner of the Property." TransCanada contends that this ruling was "based solely" on the disclaimer in the Port Authority's pleading, but the judgment says, "Having considered the evidence, the Court determined that the Port of Houston Authority of Harris County, Texas (the "PHA") based on language in the PHA's First Amended Original Answer filed on October 23, 2015, the PHA [sic] disclaimed any interest in Muleshoe Lake ("the Property"), and that Doan is the sole owner of the Property ...."[14] Despite the trial court's statement that it considered the evidence, TransCanada does not challenge the sufficiency of the evidence of Doan's ownership presented at trial and has not brought forward a complete trial transcript.
A party wishing to appeal an issue without bringing forward a complete reporter's record has a few alternatives. If the parties file a written stipulation agreeing *809 on the contents of a partial record, then the appellate court will presume that the agreed record contains "all evidence and filings relevant to the appeal." TEX. R. APP. P. 34.2. The parties alternatively could agree to, and file, an agreed statement of the case. TEX. R. APP. P. 34.3. Even in the absence of an agreement between the parties, the appellant can request a partial reporter's record and "include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." TEX. R. APP. P. 34.6(c)(1). But in the absence of a stipulation, an agreement between the parties, or a statement of the appellant's issues to be presented on appeal, "we must presume that the omitted portions of the record are relevant and would support the judgment." Mason v. Our Lady Star of the Sea Catholic Church, 154 S.W.3d 816, 822 (Tex. App.-Houston [14th Dist.] 2005, no pet.).
The record before us does not contain the parties' agreement to a partial reporter's record or to a statement of the case. It also does not contain a statement of TransCanada's issues to be presented on appeal. We therefore must presume that a complete reporter's record would contain sufficient evidence to support the portion of the judgment holding that Doan is the sole owner of the Property. See Bennett v. Cochran , 96 S.W.3d 227, 229 (Tex. 2002) (per curiam) ("There is no question that, had Bennett completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment.").
In light of the absence of a challenge to the sufficiency of the trial evidence to support Doan's assertion of ownership, as well as the presumption arising from the incomplete record, we affirm the portion of the judgment in which the trial court ruled, "Having considered the evidence, the Court determined ... that Doan is the sole owner of the Property...." Thus, we overrule this part of TransCanada's conditional cross-issue.
VI. CONCLUSION
The Harris County civil courts at law have exclusive jurisdiction over condemnation actions for which the condemnor's bona fide offer is no more than $200,000. Because the amount of TransCanada's bona fide offer for the Property was only $139, the Harris County district court lacked jurisdiction over TransCanada's condemnation claim, and the portion of the judgment ruling on that claim is void. The Harris County civil courts at law also have exclusive jurisdiction over takings claims, and thus, the district court's ruling that the Port Authority disclaimed any interest in Muleshoe Lake likewise is void for want of jurisdiction. We accordingly modify the judgment to delete the rulings on these matters, and we dismiss for want of jurisdiction Doan's first issue and the first part of TransCanada's conditional cross-issue.
Because Doan did not preserve for review his complaint that the trial court erred in failing to abate the case until TransCanada should make a bona fide offer of more than $200,000 for the Property, we overrule his second issue.
We additionally overrule the second part of TransCanada's conditional cross-issue. TransCanada does not contend that the trial evidence is insufficient to support Doan's assertion that he is the sole owner of the Property, and we presume that the omitted portions of the reporter's record support this ruling. We affirm this portion of the judgment, and we leave intact the unchallenged portion of the judgment, which awards Doan nothing on his trespass claim against TransCanada.
*810 As modified, we affirm the district court's judgment.

See Tex. Gov't Code Ann. § 25.1032(c) (West Supp. 2016) (granting Harris County civil courts at law exclusive jurisdiction over inverse eminent-domain proceedings and over statutory eminent-domain proceedings in which the amount in controversy "does not exceed the amount provided by Section 25.0003(c) in civil cases," and further specifying that "[t]he amount in controversy is the amount of the bona fide offer made by the entity with eminent domain authority to acquire the property from the property owner voluntarily"); itation index="43" url="https://cite.case.law/citations/?q=Tex.%20Code%20Ann.%20%C2%A7%2025.1032">id. § 25.0003(c) (Harris County civil courts at law have jurisdiction in civil cases where the matter in controversy "does not exceed $200,000").

A statutory eminent-domain or "condemnation" action is one in which the government acquires real property, and an "inverse" eminent-domain or "takings" action is one in which the property owner asserts that, although the governmental actor did not condemn the property, it nevertheless performed acts that resulted in a "taking" of the property for public use. See AVM-HOU, Ltd. v. Capital Metro. Transp. Auth. , 262 S.W.3d 574, 578 (Tex. App.-Austin 2008, no pet.).

See Act of May 19, 2015, 84th Leg., R.S., ch. 462, § 1, 2015 Tex. Gen. Laws 1777, 1777.

Appellee's Br. at 27.

A "plea in intervention" is also known as a "petition in intervention." See Tex. R. Civ. P. 45(a) ("Pleadings in the district and county courts shall ... be by petition and answer...."); Tex. R. Civ. P. 60 ("Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party.").

That the italicized language applies to the entire series preceding it and not merely to the last antecedent "corporation" is shown by this language's mirroring of Texas Property Code section 21.003(1), which it incorporates, and under which a district court may decide an eminent-domain claim "in any suit ... in which this state, a political subdivision of this state, a person, an association of persons, or a corporation is a party...."

Appellee's Br. at 23, emphasis added.

In effect, TransCanada contends that (1) because it brought a counterclaim or "cross-bill" under section 21.017, the claim does not fall within Taub 's holding that Texas Government Code section 25.1032(c) 's grant of exclusive jurisdiction to the Harris County civil courts at law trumps the district court's ancillary jurisdiction under Texas Property Code section 21.003 ; (2) because Taub 's holding does not apply to counterclaims, the district court could exercise ancillary jurisdiction over a condemnation counterclaim under section 21.003 ; (3) because the district court had ancillary jurisdiction under section 21.003, TransCanada could bring a condemnation counterclaim under section 21.017 ; and (4) because it brought a counterclaim under section 21.017, Taub 's holding that section 25.1032(c) 's grant of exclusive jurisdiction to the Harris County civil courts at law trumps the district court's ancillary jurisdiction under section 21.003 does not apply.

TransCanada seems to imply that the reason the Taub court vacated the district court's judgment on the condemnation claim and ordered the claim that had been transferred from the Harris County civil court at law returned to that court was because, of the two condemnation claims filed in different courts, the one pleaded in the county civil court at law was filed first. But if that were so, then the Taub court would have held that the Harris county civil court at law had dominant jurisdiction rather than exclusive jurisdiction. See Schuele v. Schuele , 119 S.W.3d 822, 824 (Tex. App.-San Antonio 2003, no pet.). Because the dominant-jurisdiction doctrine applies only when separate suits are filed in courts with concurrent jurisdiction, it does not apply to claims over which one court has exclusive jurisdiction and the other court has none. See ids="9077678" index="47" url="https://cite.case.law/sw3d/119/822/#p824">id. (citing Green v. Watson , 860 S.W.2d 238, 242 (Tex. App.-Austin 1993, no writ) (op. on reh'g)).

See, e.g. , Harris v. Schlinke , 95 Tex. 88, 90, 65 S.W. 172, 173 (1901) (explaining that in "a plea in reconvention or cross bill," "[t]he defendant in the main suit is plaintiff in the cross bill, and the plaintiffs in the main suit, against whom the cross bill is filed, occupy the position of defendants with reference to that pleading."); itation index="51" url="https://cite.case.law/citations/?q=65%20S.W.%20172">id. , 95 Tex. at 91, 65 S.W. at 173 (explaining that a "cross bill ... sets up new matter not embraced in defensive pleading"); Smith v. Perkins , 81 Tex. 152, 157, 16 S.W. 805, 807 (1891) (referring to the defendants' pleading both as "defendants' cross-bill" and as "[t]his plea of reconvention"); Lufkin v. City of Galveston , 73 Tex. 340, 341, 11 S.W. 340, 341 (1889) (stating that "[t]he plea in reconvention upon which the defendant recovered was in the nature of a cross-action of trespass to try title"); Slay v. Milton , 64 Tex. 421, 423 (1885) (stating that the defendant filed a "special answer in the nature of a plea in reconvention, or counter-claim").

See, e.g. , Strange v. Strange , 464 S.W.2d 364, 368 (Tex. 1971) (cross-bill in a divorce case); Kulow v. Farmers Royalty Holding Co. , 144 Tex. 312, 314, 190 S.W.2d 60, 60 (1945) (cross-bill for damages for clouding of title); New Way Lumber Co. v. Smith , 128 Tex. 173, 182-83, 96 S.W.2d 282, 287 (1936) (cross-bill to enjoin criminal proceedings for operating trucks on the highway without a permit); Filipos v. Chouke , 120 Tex. 508, 512, 40 S.W.2d 38, 39 (1931) (cross-bill to enjoin the operating of a motor barge from damaging an oyster bed); Lafield v. Maryland Cas. Co. , 119 Tex. 466, 469, 33 S.W.2d 187 (1930) (cross-bill filed in plaintiff's cross-action against an insurer in a worker's compensation case); Guar. State Bank & Tr. Co. v. Lively , 108 Tex. 393, 395-96, 194 S.W. 937, 937 (1917) (cross-bill for subrogation); Moore v. Hanscom , 101 Tex. 293, 303, 108 S.W. 150, 150 (1908) (cross-bill filed in an action on a guardian's bond); Otto v. Halff , 89 Tex. 384, 388-89, 34 S.W. 910, 910-11 (1896) (cross-bill for suit on an open account); Alff v. Radam , 77 Tex. 530, 543-44, 14 S.W. 164, 165 (1890) (cross-bill for damages for trademark infringement).

See, e.g. , Crosby v. Crosby , 92 Tex. 441, 442, 49 S.W. 359, 360 (1899) (defendant in the justice court "pleaded a counterclaim" in offset, but "a cross action in the nature of a counterclaim or plea in reconvention" is a separate claim, so the amount of the plaintiff's and defendant's demands could not be added together to determine whether the amount in controversy is sufficient to confer jurisdiction); City of Houston v. Susholtz , 22 S.W.2d 537, 538-39 (Tex. Civ. App.-Galveston 1929) (in the City's condemnation action filed in the Harris County court at law, defendant property owner filed a cross-bill for damages to the remainder of the land taken and for increased compensation for the value of the land taken), aff'd , 37 S.W.2d 728 (Tex. Comm'n App. 1931) ; Burgess v. Adams , 273 S.W. 343, 344 (Tex. Civ. App.-Galveston 1925, no writ) (cross-bill filed in the justice court).

Port Authority employees Guenther and Vincent jointly filed a separate answer to Doan's trespass-to-try-title claims against them.

Emphasis added.