# NO. 12-19-00004-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES J. WHITE,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *LARRY SMITH, IRA EARLS AND*<br>*F.N.U. BENSON,*<br>*APPELLEES* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

James J. White, appearing pro se, appeals from an adverse summary judgment rendered in favor of Appellees Larry Smith, Ira Earls, and Clint Benson in White's suit for damages. In two issues, White contends the trial court erred in granting the summary judgment. We modify the judgment and affirm as modified.

## BACKGROUND

On December 25, 2012, White's son disclosed that White's father sexually abused him. The abuse was reported to a social worker on May 28, 2013, who notified the Smith County Sheriff's office. Appellee Larry Smith is the Smith County Sheriff. Appellees Earls and Benson are the deputies who investigated the case. On June 15, 2013, White shot and killed his father. White is currently incarcerated for that offense.

On January 19, 2016, White brought suit against Appellees, citing the Texas Tort Claims Act and numerous sections of the Texas constitution, and alleging the denial of statutory protections provided in Texas Code of Criminal Procedure Articles 5.04 and 5.045. He sought monetary relief of at least $200,000 and not more than $1,000,000 and exemplary damages.

In their motion for summary judgment, Appellees asserted that the suit is an impermissible collateral attack on White's conviction and an attempt to shift responsibility for the crime; the tort

claims are barred by the two-year statute of limitations; White pleaded no facts to support his constitutional claims; the Texas constitution does not permit a private cause of action for damages; there is no private civil cause of action for violations of the code of criminal procedure; and official immunity.

The trial court granted Appellees' motion for summary judgment, ordering that White take nothing. This appeal ensued.

**S**UMMARY **J**UDGMENT

White lists two issues asserting that the trial court abused its discretion and erred in granting Appellees' motion for summary judgment. His arguments address each of the grounds asserted in their motion.

**Standard of Review**

A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A defendant who conclusively negates at least one of the essential elements of the cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 439 S.W.3d 571, 575 (Tex. App.—Houston [14th Dist.] 2014, no pet.). To determine if there is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The evidence raises a genuine issue of fact if reasonable and fair minded jurors could differ in their conclusions in light of all the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

**Tort Claim**

White asserts that the relevant time period during which his causes of action arose was between May 28, 2013, when the abuse claim was reported, and June 15, 2013, when he shot his father. Appellees asserted in their motion that White's tort claim, which was filed January 19,

2

2016, is barred by limitations. White argues that the four-year statute of limitations applies to his claim, not the two-year statute of limitations. He asserts that a fiduciary relationship was created by express agreement of the parties, Appellees were acting as his agent, and he asserted a cause of action for breach of fiduciary duty. Further, he contends, he "met the filing deadline for his tort claim."

In his petition, White asserted that he filed "pursuant to the Texas Tort Claims Act in Chapter 101 of the Civil Practice and Remedies Code." In his response to the motion for summary judgment, he did not raise the argument that he was asserting a claim for breach of fiduciary duty. "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c).

To the extent White pleaded a claim pursuant to the Texas Tort Claims Act, that claim is barred by limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2019) (regarding potential governmental liability for property damage, personal injury, and death); *id*. § 16.003 (West 2017) (providing that the statute of limitations for property damage, personal injury, and an action for injury resulting in death is two years).

## Constitutional Claims

White contends that the Texas constitution provides grounds to assert a cause of action where a governmental entity interferes with an individual's constitutionally protected rights and that equitable remedies may be enforced. He claims he was denied protections promised to him, he suffered an injury, and should be awarded damages.

White pleaded for money damages, not equitable relief. As Appellees asserted in their motion for summary judgment, there is no cause of action for monetary relief for the violation of state constitutional rights. *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148, 149-50 (Tex. 1995); *Nkansah v. Univ. of Tex at Arlington*, No. 02-10-00322-CV, 2011 WL 4916355, at *5 (Tex. App.−Fort Worth Oct. 13, 2011, pet. denied) (per curiam) (mem. op. on reh'g); *Univ. of Tex. Sys. v. Courtney*, 946 S.W.2d 464, 469 (Tex. App.−Fort Worth 1997, writ denied) (op. on reh'g); *Mitchell v. Amarillo Hosp. Dist.*, 855 S.W.2d 857, 873 (Tex. App.−Amarillo 1993, writ denied).

## Code of Criminal Procedure Claims

White contends that he alleged a private cause of action derived from the Tort Claims Act and Articles 5.04 and 5.045 of the code of criminal procedure. He further argues that his cause of

3

action is derived from Appellees' breach of their statutorily mandated duties. He claims that a cause of action is established because facts show his right to be given written notice of Article 5.04 was violated by Appellees.

When a private cause of action is alleged to derive from a statutory provision, we ascertain the legislature's intent. ***Brown v. De La Cruz***, 156 S.W.3d 560, 563 (Tex. 2004). We begin with the plain and common meaning of the statute's words, and we review the entire act to determine legislative intent. ***City of San Antonio v. City of Boerne***, 111 S.W.3d 22, 25 (Tex. 2003). We imply causes of action only when a legislative intent to do so is clear from the language of the statute. ***Brown***, 156 S.W.3d at 567.

Article 5.04 names the primary duties of a peace officer who investigates a family violence allegation and specifically provides that the investigating peace officer "shall advise any possible adult victim of all reasonable means to prevent further family violence, including giving written notice of a victim's legal rights and remedies and of the availability of shelter or other community services for family violence victims." TEX. CODE CRIM. PROC. ANN. art. 5.04 (West Supp. 2018). Article 5.045 provides that a peace officer, at his discretion, may stay with a victim of family violence to protect the victim and allow the victim to retrieve personal property. ***Id***. art. 5.054(a) (West 2005). The statute goes on to specifically state that a peace officer who provides assistance under subsection (a) is not civilly liable for his act or omission arising in connection with providing assistance or determining whether to provide assistance, and he is neither civilly nor criminally liable for the wrongful appropriation of any personal property by the victim. ***Id***. art. 5.054(b).

Neither Article 5.04 nor Article 5.054 explicitly created a private cause of action. While Article 5.04 identifies specified duties peace officers must perform, it does not provide for any penalty for the failure to comply. Even assuming the statute failed to protect intended beneficiaries, this is insufficient to imply a right of enforcement. *See* ***Brown***, 156 S.W.3d at 567. Article 5.054 specifically states officers are not civilly liable for acts or omissions arising from their actions in providing assistance pursuant to this article and not liable civilly or criminally if a victim misappropriates personal property. We conclude there is no clear legislative intent to provide a private cause of action for a peace officer's failure to perform the duties enumerated in Articles 5.04 and 5.045, including a failure to provide the statutory notice to adult victims of family violence.

4

CONCLUSION

Appellees proved as a matter of law that they are entitled to summary judgment on each of White's causes of action. *See Fernandez*, 315 S.W.3d at 508. White did not present evidence raising a fact question. Accordingly, the trial court did not err in granting Appellees' motion for summary judgment. We overrule White's issues one and two.

The trial court's judgment ordered White to pay all costs. Although White did not complain of this ruling on appeal, we consider it *sua sponte* because it touches on a jurisdictional question, and jurisdiction is fundamental in nature. *See Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.−Houston [14th Dist.] 2008, no pet.). Texas Rule of Civil Procedure 145 provides that a party who files a statement of inability to pay costs cannot be required to pay costs except by order of the court as provided by Rule 145. TEX. R. CIV. P. 145. The court may order the declarant to pay costs after notice and an oral evidentiary hearing. *Id*. 145(f). The judgment may not require the declarant to pay costs unless the trial court issued an order under Rule 145(f) or the party obtained a monetary recovery which the court orders to be applied toward payment of costs. *Id*. 145(h). Moreover, in the absence of a 145(f) order, a provision in the judgment purporting to order the declarant to pay costs is void. *Id*. An uncontested affidavit of inability to pay is conclusive as a matter of law. *Campbell v. Wilder*, 487 S.W.3d 146, 151 (Tex. 2016).

White filed a statement of inability to pay supported by documentary proof. Nothing in the record indicates that his statement was contested or that the trial court held an evidentiary hearing on the question or entered an order under Rule 145 ordering White to pay costs. Accordingly, the portion of the final judgment ordering White to pay costs is void. TEX. R. CIV. P. 145. If a ruling is void, the appellate court lacks jurisdiction to review the ruling's merits. *See Phillips v. Bramlett*, 407 S.W.3d 229, 236 (Tex. 2013). The appellate court must declare the ruling void or vacate it. *See Doan v. TransCanada Keystone Pipeline, LP*, 542 S.W.3d 794, 806 (Tex. App.−Houston [14th Dist.] 2018, no pet.). We therefore *modify* the final judgment by deleting the order for White to pay costs.

As *modified*, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered October 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2019**

**NO. 12-19-00004-CV**

**JAMES J. WHITE,**
Appellant
V.
**LARRY SMITH, IRA EARLS AND F.N.U. BENSON,**
Appellees

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 16-0130-C/B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the court below. In accordance with this court's opinion of this date, the judgment of the trial court is **modified** as follows:

We **DELETE** that portion of the trial court's judgment ordering that all costs are taxed against Plaintiff James J. White.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below is **AFFIRMED** as modified, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*