**Reversed and Rendered and Memorandum Opinion filed April 10, 2025**



In The

# Fifteenth Court of Appeals

## NO. 15-24-00049-CV

**MICHELLE PIQUE, SHANNON HUGGINS AND SHARON JOROLAN, Appellants**

**V.**

**JANE NELSON IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE FOR THE STATE OF TEXAS, Appellee**

**On Appeal from the 201st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-23-008319**

## NO. 15-24-00074-CV

**JANE NELSON IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE FOR THE STATE OF TEXAS, Appellant**

**V.**

**JARRETT WOODWARD, HEATHER COUCHMAN, AMBER CLOY, TOMMIE DICKINSON, TRAVIS EUBANKS, AMANDA EUBANKS,**

**TRACI JONES, LARS KUSLICH, MICHELLE PIQUE, MADELON HIGHSMITH, AND SHARON COTTON, VOTERS OF BEXAR COUNTY,**
**Appellees**

---

**On Appeal from the 261st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-23-008185**

---

## MEMORANDUM OPINION

Texas voters approved 13 of 14 amendments to the Texas Constitution in November of 2023. Four groups of voters (Voters) subsequently filed election contests against Secretary of State Jane Nelson claiming that certain electronic voting systems were improperly certified and that Title 8 of the Texas Election Code was unconstitutional. The Secretary responded to each of these by filing pleas to the jurisdiction. The trial court denied the pleas.

We addressed the same claims and same arguments four months ago in *Nelson v. Eubanks*, No. 15-24-00037-CV, 2024 WL 4886621 (Tex. App. (15 Dist.), Nov. 26, 2024, pet. denied). For the same reasons, we reverse the orders below, grant the Secretary's pleas to the jurisdiction, and dismiss these cases.

## BACKGROUND

On November 7, 2023, Texans voted on 14 proposed constitutional amendments, 13 of which were approved. Shortly thereafter, four groups of Voters filed election contests under Chapter 233 of the Texas Election Code. Each claimed certain electronic voting systems did not meet standards for certification and therefore, all votes cast on these systems were invalid. Additionally, the Voters claimed Title 8 of the Texas Election Code was unconstitutional because it violated the constitutional requirement that the legislature "preserve the purity of the ballot

box."[1]

Governor Greg Abbott signed a statement of final count for all 14 propositions on November 27, 2023. One week later, the official canvass was held and the Governor certified the final vote.

The Secretary filed pleas to the jurisdiction in each suit on December 5, followed by amended pleas on December 15, 2023. The trial court denied the pleas and consolidated the contests. As in *Eubanks*, the Secretary argues the Voters' contests are not viable due to one procedural and two substantive defects. One group of Voters also appeals from the denial of their application for a temporary injunction.[2]

## DISCUSSION

## I. The Procedural Claim: Defective Citation

The Secretary asserts the citations were defective because they state the general deadline rather than the one required by the Election Code. In *Eubanks*, we held that the form of citation was mandatory but not jurisdictional, as it "was not a prerequisite to a suit" but addressed "when the Secretary had to answer."[3] The improper citation was the responsibility of the Travis County District Clerk—not the Voters.[4] In this case, as in *Eubanks*, the Secretary was actually served with the citation, actually knew of the citation defect (which was cited it in her plea), and actually responded several days before the statutory deadline arrived. The Voters met the only requirement imposed on them: to file and serve the Secretary prior to

---

[1]    TEX. CONST. art. VI, § 4.

[2]    Michelle Pique, Sharon Jorolan and Shannon Huggins are appellants in case No. 15-24-00049-CV.

[3]    2024 WL 4886621, at *2.

[4]    *Id.* at *3.

the final official canvass on December 4, 2023.[5] For the reasons stated in *Eubanks*, we overrule the Secretary's procedural claim.

## II. The Substantive Claims: Standing and Pleadings

As in *Eubanks*, the Secretary raises two substantive objections: the Voters lack standing and failed to plead valid election contests.[6] We agree on both counts, either one of which would require dismissal.

### A. Standing

The Voters make no allegations of specific, particularized injuries. Nor do they allege an injury that is "actual or imminent, not conjectural or hypothetical."[7] In *Eubanks*, we explained that both were requirements for constitutional standing, and cited cases from several Texas courts, including the Supreme Court, applying them to claims like those here.[8] The Voters also alleged statutory standing under Section 233.002 of the Texas Election Code, but as we explained in *Eubanks*, "constitutional jurisdiction cannot be enlarged by statute."[9] Because the Voters fail to articulate a particularized harm or an injury that is actual or imminent, we conclude they lack standing.

### B. Election Contest Pleadings

Finally, the Secretary claims the Voters failed to plead valid claims because they failed to allege facts showing the outcome would have been different if their claims were valid.[10] As in *Eubanks*, the Voters claim the true outcome here is

---

5    TEX. ELEC. CODE § 233.006(c).

6    *Eubanks*, 2024 WL 4886621, at *3.

7    *Id.* (citing *Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 696 (Tex. 2021)).

8    *Id.* at *4, nn.11–18.

9    *Id.* at *4 (citing *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 582 n.83 (Tex. 2013)).

10   *See* TEX. ELEC. CODE § 221.003.

impossible to determine, "but do not explain why."[11] The Official Canvass Report in the record shows that "most of" the 13 propositions passed with "over 60%" of the vote.[12] The Voters make no attempt to demonstrate that this contest would alter the outcome of the election or "why it was impossible for them to do so."[13] Therefore, we find the Voters failed to plead valid election contests.

Because the Voters lack standing and failed to plead valid election contests, we conclude the trial court lacked jurisdiction.

## III.   Temporary Injunction

One group of Voters[14] has filed a separate interlocutory appeal seeking a reversal of the denial of their temporary injunction. "An order or judgment entered by a court that lacks jurisdiction is void."[15] A void order deprives an appellate court of jurisdiction to review the ruling's merits.[16] The denial of the temporary injunction is void because the trial court lacked jurisdiction. Therefore, we lack jurisdiction to review the merits of the denial. We accordingly dismiss the appeal for lack of jurisdiction.

---

[11]    *Eubanks*, 2024 WL 4886621, at *5. In their pleadings, the Voters insisted "the outcome of the contested election . . . is not the true outcome" and that "the true outcome of the election cannot be ascertained."

[12]    *Id.* (noting the results regarding the same propositions from the same election).

[13]    *Id.*

[14]    Michelle Pique, Sharon Huggins and Sharon Jorolan.

[15]    *ASC Beverages, LLC v. Tex. Alcoholic Beverage Comm'n*, 695 S.W.3d 656, 660 (Tex. 2024); *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020) (noting a judgment is void when the court has no jurisdiction over the parties, property, or subject matter); *see Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam) (stating courts have no jurisdiction to issue advisory opinions).

[16]    *Doan v. TransCanada Keystone Pipeline, LP*, 542 S.W.3d 794, 806 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("the appellate court must declare the ruling void or vacate jurisdiction").

# CONCLUSION

Because we find the Voters lack standing and did not plead valid election contests, we reverse the trial court's orders and render judgment dismissing the Voters' claims for want of jurisdiction.

/s/ Scott Brister
Scott A. Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.